## D. COOPER V. CITY OF DALLAS.

### No. 3241.

1. **Damages to City Property from Grading Streets of City.**—The city of Dallas, in exercise of its powers, graded certain of its streets, raising them above the surface of adjoining lots, causing thereby the overflowing of said lots and consequent damage. In suit by lot owner for damages so caused it was shown that by expending $500 the lot could be raised so as to prevent injury, and that the grading increased the value of lots fronting on the streets. *Held*, that the trial judge was in error in instructing a verdict for the city, a cause of action having been shown.

2. **Same—Constitution Protects Against Damages, etc.**—Section 17, article 1, of the State Constitution determines: "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by consent of such person." This applies to the overflowing of city lots from raised streets so raised by the city in exercise of its power over its streets.

3. **Same—Care by Owner to Prevent Injury.**—While it may be the duty of the injured party to incur a moderate expense to protect himself from damage, what may be considered as moderate will depend upon many considerations, and must be determined by the circumstances of each case.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER. The opinion states the case.

*Alexander & Clark* and *George H. Plowman*, for appellant.—1. Unless imposed by statute or organic law, no liability attaches to a municipal corporation for damages to adjoining property resulting from street improvements and construction of sewers done by it in a lawful manner and without malice. Under such circumstances it is the duty of the adjoining proprietors to protect their property. But under our constitutional provision (art. 1, sec. 17), that no person's property shall be taken, damaged, or destroyed for public use without adequate compensation having been first made to the owner, a municipal corporation is liable for such damages as the adjoining proprietor receives over and above the common injuries to the other abutters on the street or the general public.

Cases from States having a constitutional provision that no person's property shall be taken, damaged, or destroyed for public use without adequate compensation being made:

Texas—Railway v. Hall, 78 Texas, 169; Railway v. Fuller, 63 Texas, 467; Gross v. City of Lampasas, 74 Texas, 195.

Arkansas—Railway v. Williamson, 45 Ark., 429.

California—Reardon v. San Francisco, 66 Cal., 492.

Colorado—Denver v. Bayer, 7 Colo., 113.

Georgia—City of Atlanta v. Green, 67 Ga., 386.

Illinois—Elgin v. Eaton, 83 Ill., 535; Pekin v. Brereton, 67 Ill., 477; Bloomington v. Brokaw, 70 Ill., 194; Chicago v. Bldg. Assn., 102 Ill., 379; Rigrey v. City of Chicago, 102 Ill., 64.

Missouri—Householder v. Kansas City, 83 Mo., 488; Werth v. Springfield, 78 Mo., 107; Blanchard v. Kansas City, 16 Fed. Rep., 444; McElroy v. Kansas City, 21 Fed. Rep., 257.

Nebraska—Harmon v. Omaha, 17 Neb., 548; Goodrich v. Omaha, 10 Neb., 98; Omaha v. Struder, 22 Neb., 343.

West Virginia—Johnson v. Parkersburg, 16 W. Va., 402; Hutchinson v. Parkersburg, 25 W. Va., 226.

United States—Supreme Court, in Chicago v. Taylor, 125 U. S., 161, approves the above State decisions.

2.    A municipal corporation in this State has no right to grade its streets and construct insufficient sewers so as to gather from its streets and concentrate water at and discharge it upon a citizen's property; and if it so injures one's property it is responsible for adequate compensation.    The adjoining lot owner is entitled to damages which may be proximately the result of negligent construction of streets and sewers, causing injury to his premises.

3.    A person's act contributing to the injury must be such as one of ordinary care and prudence would not have been guilty of under the circumstances, and must be the proximate cause of the injury, or it does not constitute contributory negligence.    Clark v. Dyer, 81 Texas, 339; McQuitken v. Railway, 64 Cal., 463; City of Aurora v. Reed, 57 Ill., 33; Patten v. Railway, 87 Mo., 117; Railway v. Richardson, 66 Ind., 43; Railway v. Medley, 75 Va., 499; Railway v. Mowery, 36 Ohio St., 418; Railway v. Ware, 27 Am. and Eng. Ry. Cases, 206; Jeffrey v. Railway, 56 Iowa, 546; Kalbfleisch v. Railway, 102 N. Y., 520; Shearm. & Redf. on Neg., sec. 28.

4.    Whether the plaintiff was guilty of contributory negligence under the circumstances in not finding it out and expending $500 to prevent the overflow of his premises, caused by the city of Dallas in grading and paving Elm and Preston streets and constructing an insufficient sewer and catch-basin, was a question of fact for the jury, and should have been submitted to the jury under appropriate instructions from the court.    Railway v. Herbeck, 60 Texas, 602; Railway v. Moore, 59 Texas, 64; Hanlon v. Keokuk, 74 Am. Dec., 276; Denire v. Baily, 131 Mass., 169; Railway v. Mowery, 3 Am. and Eng. Ry. Cases, 361; McGeary v. Railway, 135 Mass., 363; Beach Con. Neg., sec. 41; Patterson's Ry. Acc. Law, sec. 93; 2 Thomp. on Neg., p. 1129.

5.    Plaintiff had a right to rely on the presumption that the city of Dallas had graded and paved Elm and Preston streets and constructed a sewer in the rear of his home with due care and so as not to overflow his premises; and he is not chargeable with contributory negligence in failing to anticipate that the drainage was insufficient and that his premises would be overflowed, nor was it his duty to spend $500 to prevent an overflow which he lawfully presumed would never occur.    Clark v. Dyer, 81 Texas, 339; Kellog v. Railway, 26 Wis., 223; Fox v. Sockett, 10

Allen (Mass.), 535; Damour v. Lyons, 44 Iowa, 276; Shea v. Railway, 44 Colo., 414; Newson v. Railway, 29 N. Y., 383; Snyder v. Railway, 11 W. Va., 14; Wiggins v. Ferry Co., 47 Mo., 521; 2 Thomp. on Neg., sec. 18; Shearm. & Redf. on Neg., sec. 31; Deering on Neg., sec. 16.

*A. P. Wozencraft* and *M. Trice,* for appellee.—1. A city is not liable for failure to make improvements, such as building sewers, and is not liable for damages caused by the insufficiency of a sewer, provided the building of the sewer has not in any way increased the damages.   2 Dill. Mun. Corp., secs. 686, 990; Smith v. Washington, 20 How., 135; Dunham v. Hyde Park, 75 Ill., 371; Kokomo v. Mohan, 100 Ind., 242.

2.   A city is not liable for damages caused by the stopping up of a catch-basin, unless it is shown that such stopping was caused by the fault of its construction, or unless it is shown that it had either actual or constructive notice that the same was stopped up.   Klein v. City of Dallas, 71 Texas, 280; Dill. Mun. Corp., sec. 113, notes 1017, 1020, 1024, 1026, 1034.

3.   The city having the right to grade and pave its streets, it is negligence in an owner of land to permit it to remain below the level of the street, where it is subject to overflow.   Calender v. Marsh, 1 Pick., 418; Benjamin v. Wheeler, 8 Gray, 409.

HENRY, Associate Justice.—This suit was brought by the appellant to recover damages caused by an overflow of his premises. The case is presented to us upon the following agreed statement:

"Said waters were caused to flow upon said lands, first on April 23 and then on the 24th, 1887, by the city of Dallas, in the exercise of its authority conferred upon it by its charter, by grading and paving Elm Street and Preston Street, the grade of said streets being thereby raised higher than the adjacent lands and the lands of the plaintiff, and by reason of the insufficiency of the sewer laid by the city in the alley in the rear of the plaintiff's said premises, and by reason of the stopping up of a catch-basin on Preston Street at the mouth of said sewer, whereby the waters gathered on Elm and Preston streets were concentrated at a point just east of plaintiff's said home, and were discharged upon his premises.

"Plaintiff's premises at a cost of $500 could have been raised to the grade of the streets so as to have prevented the overflow.   It was shown that plaintiff's property, like all other property on Elm and Preston streets, was greatly increased in value by reason of the grading and paving of Elm and Preston streets."

The court charged the jury that the city had the right to grade and pave the streets and to construct the sewer; and further, that "It appearing from the evidence, without contradiction, that the plaintiff contributed by his own negligence to the damages he complained of, and

that but for his own negligence such damages would not have occurred, he is not entitled to recover for such damages. You are therefore instructed to return a verdict for the defendant."

We find nothing in the record justifying this charge, or tending to show that plaintiff was guilty of contributory negligence. It is suggested in argument that the charge was given because the court felt constrained to follow an unpublished opinion of the Commission of Appeals in the case of Wallace v. The City of Dallas, rendered in 1884, a case to which we do not now have access.

There are numerous decisions holding that acts done in the proper exercise of governmental powers and not directly encroaching upon private property, though their consequences may impair its use, are not a taking within the meaning of the constitutional provision, and do not entitle the owner of such property to compensation from the State or its agents, or give him any right of action. Chicago v. Taylor, 125 U. S., 164. We do not doubt the correctness of such a decision under laws only requiring compensation to be made for property *taken* for public use.

The provision in our Constitution now reads: "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such persons." Const., art. 1, sec. 17. In other States, in whose laws a like change has been made, the right to recover damage where there has been no direct or physical invasion of the property is now recognized. Chicago v. Taylor, supra. The same doctrine was announced by this court in the case of Railway v. Hall, 78 Texas, 169.

"It is the duty of a person to use ordinary and reasonable care and means to prevent an injury and the consequences of it, and he can only recover damages for such losses as could not by such care and means be avoided." Field on Dam., sec. 29.

What constitutes such care and means is a question for the jury to decide. There may be instances in which the diligence to be exercised is so slight that the court may control the issue by its charge. But this case does not belong to that class. There is nothing in the record before us to indicate that it was the duty of the plaintiff to expend $500 to save his property from damage, much less to show that the court could take the question from the jury. While it may be the duty of the injured party to incur a moderate expense to protect himself from damages, what may be treated as moderate will depend upon many considerations, and must be determined by the peculiar circumstances of each case.

There are other questions in the case, but as they were not passed upon in the court below we will not consider them now.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*