SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY v.
C. M. SMITHDEAL.

No. 1980.   Decided February 2, 1910.

**1.—Telephone—Damage to Abutting Property.**

A telephone company was not exempt, as a public service corporation, from the payment of damages caused to abutting property by the construction of its lines in a street by the consent of the city authorities. The structure is an additional burden upon the street.   (P. 133).

**2.—Same.**

A telephone line may have been constructed by authority of law and with due care, yet if its presence on the street caused or contributed to a depreciation of the market value of abutting property, the company is liable for such damages.   (P. 133).

**3.—Telephone—Interference with Trees.**

The owner of a lot abutting upon a city street had the right to grow trees upon the sidewalk, and if the trees were damaged by telephone wires which contributed to a depreciation of the market value of the property, such injury should be considered as if caused by the structure, but considered only as it affects the market value of the property. (P. 133).

**4.—Certified Question—Mandatory Injunction.**

A certified question as to the right of plaintiff to a mandatory writ of injunction granted by the judgment should disclose what the writ granted commanded defendant to do, and in the absence of such information the Supreme Court can not answer the question. (P. 133).

Questions certified from the Court of Civil Appeals for the Fifth District in an appeal from Hill County.

*A. P. Wozencraft, W. E. Spell, W. S. Bramlitt, W. P. Ellison* and *D. A. Frank,* for appellant.—The defendant telephone company having built the structure complained of by the plaintiff long prior to the time when plaintiff owned the property, and at a time when the plaintiff's trees had not so developed as to be interfered with by defendants structure, and the defendant having built such structure under authority of the city council of the city of Hillsboro, Texas, and under the Acts of the Legislature of the State of Texas, it was error for the court to charge the jury that plaintiff had the right to have the trees remain and grow without injury from defendant's structure whether such injury was necessary or not to the use of the lines of defendant company. Rev. Stats., arts. 698, 702; Cooper v. Langway, 76 Texas, 121-124; So. Bell Telep. Co. v. Francis, 109 Ala., 224, 55 Am. St. Rep., 930, 31 L. R. A. 93; Wyant v. Central Telep. Co., 123 Mich., 51, 81 Am. St. Rep,, 155, 47 L. R. A., 497; Teleg. & Telep. Co. v. Constantine, 69 Fed., 61; Telephone Co. v. Commonwealth (Ky.), 109 S. W., 340, 341; People v. Eaton, 100 Mich., 208, 24 L. R. A., 729; Bronson v. Albion Telep. Co., 67 Neb., 111, 8 Am. Elec. Cases, 177; Dodd v. Consolidated Traction Co., 57 N. J. L., 482, 5 Am. Elec. Cas., 201; Miller v. Detroit, etc., Ry. Co., 125 Mich., 171, 7 Am. Elec. Cas., 387.

The evidence conclusively showing that the streets upon which the defendant's structure was placed were dedicated for a public use, for street uses, prior to the time that plaintiff purchased the property claimed to be damaged, the right of plaintiff to maintain his trees upon said street was subservient to the rights of the public, including the defendant company, in its necessary use of the said street under the grants obtained by it. Same authorities.

The uncontradicted evidence in this case showing that the defendant's construction as placed near the plaintiff's property was proper and necessary, there was no issue of fact to submit to the jury upon said question. Denham v. Trinity County Lumber Co., 73 Texas, 83; Texas & P. Ry. v. Moore, 8 Texas Civ. App., 289.

The evidence in the case conclusively showing that defendant's structure was constructed in a proper and necessary way, and upon the said streets in the manner and way authorized by the franchise

Vol. CIII Supreme—9.

rights of the company as granted by the city of Hillsboro, Texas, and as provided under the laws of the State of Texas, and it appearing that the land over which said streets extend had been dedicated for street uses, the damages claimed by plaintiff were such as were contemplated at the time of the dedication of said land for street purposes. Authorities first above cited, also; Castle v. Bell Telep. Co., 49 App. Div. (N. Y.), 437; Johnson v. New York & Penn. T. & T. Co., 76 App. Div. (N. Y.), 564; State v. Murphy, 134 Mo. 548; Julia Bldg. Assn. v. Bell Teleph. Co., 96 Mo., 623; Magee v. Overshiner, 150 Ind., 127, 65 Am. St. Rep., 358, 40 L. R. A., 370; McCann v. Johnson County Teleph. Co., 69 Kan., 210, 66 L. R. A., 171; Cumberland Tel. & Tel. Co. v. Avritt (Ky.), 85. S. W., 204; Cater v Northwestern Teleph. Co., 60 Minn., 539, 51 Am. St. Rep., 543; Irvin v. Great So. Teleph. Co., 37 La. Ann., 63, 1 Am. Elec. Cas., 709; Pierce v. Drew, 136 Mass., 75, 49 Am. Rep., 7, 1 Am. Elec. Cas., 571; Hershfield v. Rocky Mtn. Bell Teleph. Co., 12 Mont., 102, 4 Am. Elec. Cas., 73; Kirby v. Citizens Teleph. Co., 17 S. D., 362, 8 Am. Elec. Cas., 199; N. Y. Teleph. Co v. Keesey (Pa.), 6 Am. Elec. Cas., 107; City of Lancaster v. Briggs (Mo. App.), 96 S. W., 314; Frazier v. East Tennessee Teleph. Co., 90 S. W., 620.

Telegraph and telephone lines are one of the contemplated public uses of the streets of the cities of Texas, and do not constitute an additional burden thereon, and it was error for the court to refuse to set aside the verdict and judgment in this case on motion made by the defendant. Same authorities.

The true measure of the plaintiff's damages, if he is entitled to anything, is the amount of the depreciation in the market value of the plaintiff's lot caused the same by the placing of the defendant's structure in front and by the side of said lot; and the court having admitted testimony tending to establish this depreciation, it was error for the court to admit testimony tending to show what amount in damages the defendant's structure would cause plaintiff in the use of his lot as a homestead, such testimony warranting a double recovery. Gainesville, H. & W. Ry. Co. v. Hall, 78 Texas, 171; Ft. Worth & R. G. Ry. Co. v. Downie, 82 Texas, 385; Ft. Worth & R. G. Ry. Co. v. Garvin, 29 S. W., 795; Gulf, C. & S. F. Ry. Co. v. Grugger, 24 Texas Civ. App., 367.

It appearing from the allegations of the plaintiff's petition that plaintiff had a full, complete and adequate remedy at law, such as would compensate plaintiff for the wrongs complained of, it was error for the court to overrule defendant's special exception to that portion of plaintiff's petition asking for a mandatory writ of injunction requiring defendant to remove its structure. Rio Grande & Eagle Pass Ry. Co. v. Ortiz, 75 Texas, 606; Roarke v. Am. Teleph. & Teleg. Co., 41 N. J. Eq., 35, 2 Am. Elec. Cas., 218; Bronson v. Albion Teleph. Co., 67 Neb., 111, 8 Am. Elec. Cas., 177; Hershfield v. Bell Teleph. Co., 12 Mont., 102, 4 Am. Elec. Cas., 73; Kirby v. Citizens Teleph. Co., 17 S. D., 362, 8 Am. Elec. Cas., 199; Maxwell v. Cent. Dist. & Ptg. Co., 51 W. Va., 121, 8 Am. Elec. Cas., 206; Coburn v. The New Teleph. Co., 156 Ind., 90, 7 Am. Elec. Cas., 270; Hal-

leran v. The Bell Teleph. Co., 64 App. Div. (N. Y.), 41, 7 Am. Elec. Cas., 253.

*Morrow & Smithdeal,* for appellee.—Neither the Legislature nor the city council had the power to authorize appellants to so erect its poles, wires and cables as to damage appellee's property and at the same time deny the appellee the right to compensation therefor, no matter whether such structures were on appellee's side of the street or on the opposite side, and no matter whether appellee owned the fee in the street or not. Gainesville, H. & W. Ry. Co. v. Hall, 78 Texas, 170; Railway v. Downey, 82 Texas, 385; Railway v. Odom, 53 Texas, 351; Railway v. Eddins, 60 Texas, 656; Railway v. Fuller, 63 Texas, 467; Cleburne v. Railway, 66 Texas, 461; Greenville v. Alland, 27 S. W., 292.

The facts in evidence showing without contradiction that appellee owned the fee to the center of the street, and owned the fee in the property upon which the shade trees in question were growing, it was not error for the court to instruct the jury that he had a right to have said trees remain and grow without injury.

The fact that the appellant may have had authority from the city council and under the Acts of the Legislature of Texas to erect its structures on the streets of Hillsboro, would not authorize it to damage appellee's property without compensating him therefor, even if such structures were necessary to the conduct of appellant's business. Mitchell v. Bass, 26 Texas, 380; Day v. Chambers, 62 Texas, 190; Houston v. Finnegan, 85 S. W., 470; Clutter v. Davis, 62 S. W., 1107, 25 Texas Civ. App., 532; Nicoll v. Telephone Co., 42 Atl., 583; Brown v. Telephone Company, 44 S. W., 59, 17 Texas Civ. App., 433; Kruger v. Telephone Co., 81 N. W., 1041; Donovan v. Alert, 91 N. W., 441; Chesapeake v. McKenzie, 21 Atl., 690.

Appellant can not destroy appellee's shade trees nor injure, nor damage appelleee's homestead without making compensation for such injury or damage and even then has no right to take appellee's property or injure it unless necessary in the operation of its telephone properties. Hays v. Columbia, 12 Ohio Cir. Dec., 167; Broome v. Telephone Co., 42 N. J. Eq., 141; Russ v. Pa. Tel. Co., 15 Pa. Co. Ct., 226; Tel. Co. v. Chicago, 16 Fed., 309.

MR. JUSTICE BROWN delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the Fifth District, as follows:

"In the above entitled cause, which is pending on motion for rehearing, the following issues of law arise, which this court deems it advisable to present to the Supreme Court of the State of Texas for adjudication.

*"Nature of Suit.*—This suit was instituted by appellee to recover of appellant damages occasioned him by the construction of appellant's telegraph and telephone lines over and along Franklin and Ivy Streets, in the city of Hillsboro, on which appellee's homestead is situated, and also prayed for a mandatory injunction requiring the

removal of certain structures. The appellant answered by general and special exceptions, general denial and specially, in effect, that it is a foreign corporation, and holds a permit from the State of Texas to do business therein; that in conformity with said permit and with the authority of said city of Hillsboro, it constructed its lines along said streets and the sidewalk thereof and operates a local and long distance exchange in said city for telegraph and telephone purposes; that said business is conducted as a public service and its poles, wires, etc., are so placed along said streets so as not to discommode the public in the use of said streets, and that they were properly and skillfully erected and maintained; that said line was constructed before the trees were planted on the sidewalk adjoining appellee's premsies and if there is any interference with said trees it accrues by reason of the growth of same, etc.

"*Statement*—Appellant was a foreign corporation and held a permit from the State of Texas to construct and operate a telegraph and telephone line in said State. Under said permit and with the permission of the city council of the city of Hillsboro, Texas, it had constructed and was operating such a line in said city for public use and had established local and long distance exchanges therein. The construction of said line in said city, as far as relates to this case, consisted of large and tall poles set at intervals along the sidewalks in the streets, some of which were stayed by guy posts and wires. On the poles were placed crossbeams upon which were strung wires and cables. Part of this structure was placed on the sidewalks adjoining appellee's lot and other parts on the sidewalks across the street just opposite said lot. There were no more poles set nor wires strung in the construction of the line than was necessary for the operation of said business. On said lot was a residence and appellee and family occupied the same as a homestead, and it was not shown that said lot had any value for other purposes than that of homestead. That said construction was unsightly and interfered with the view from the residence, and the line ran through and injured the branches of his trees growing on the sidewalk planted for ornamental purposes. The line was constructed before plaintiff acquired the lot and the wires were placed above the trees, but the trees have since grown and the branches thereof come in contact with said wires. The testimony showed the property to be damaged by the construction and maintaining of said line to the amount of the sum found by the jury. The court charged the jury the measure of damages, in effect, to be the difference in the value of the property just before the act of defendant, and its value as affected by said structure. It was shown that the wires could be placed ten or fifteen feet higher on the poles then erected which would be above the trees and not interfere therewith. The appellant, at the instance of appellee, before the institution of this suit, promised to raise said wires above the trees, but failed to comply with said promise.

"On the issue submitted to the jury whether or not it was necessary for the cables to remain in the boughs of the trees, they found it was not.

"Question 1.  Is the appellant such a public service corporation as is exempt from liability for damages for the construction of its line under a permit from the State and city under the facts stated?

"Question 2.  Does the unsightliness of the structure and the interfering with the occupants' view entitle the plaintiff to recover damages where such depreciates the value of the property?

"Question 3.  Has the plaintiff the right to grow trees on his sidewalk and is appellant liable for damages to same as shown by the foregoing?

"Question 4.  Was appellee entitled to the mandatory writ of injunction under the foregoing circumstances?"

Answer to question 1:  The telephone company was not exempted from the payment of damages caused to abutting property by the construction of its lines.  The structure of the telephone company is an additional burden upon the street.  Telegraph & Cable Co. v. Eaton, 170 Ill., 517; 62 Am. St. R., 390; Telephone Co. v. Barnett, 107 Ill., 507; 47 Am. R., 453; 27 Am. & Eng. Enc., 1008, note 12, id., p. 150, note 4.  We could cite many additional authorities, but it is unnecessary to do so.

Answer to question 2:  The telephone line may have been constructed by authority of law and with due care, yet if its presence on the street caused or contributed to a depreciation of the "market value" of abutting property, the company is liable for such damages.

Answer to question 3:  The plaintiff had the right to grow trees upon the sidewalk, and if the trees were damaged by the telephone wires, which contributed to a depreciation of the market value of the property, such injury should be considered as if caused by the structure.  This being an action for depreciation in the market value of the property, the injury to the trees can be considered only as it affects such market value.  27 Am. & Eng Ency., 150; Bell Tel. v. Francis, 55 Am. St., 935, 109 Ala., 224; Evans v. Gas Co., 148 N. Y., 112, 51 Am. St., 681.

Answer to question 4:  This question asks if appellee was entitled to "the mandatory writ of injunction," that is the writ granted, but the statement does not disclose what the writ granted commanded the telephone company to do, therefore, we can not ascertain whether the writ was properly issued.