# MAY, 1911.

SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY v. C. M. SMITHDEAL.

No. 2154. Decided May 3, 1911.

1.—Street—Telephone Lines—Damage to Abutting Owner.

The owner of a city lot could not recover damages for injury to his property by destruction of shade trees upon the sidewalk and presence of unsightly poles,

caused by the wires and supports of a telephone line as same was constructed and maintained before he purchased the property; but he could recover for the damage caused by changes and additions to such structure after his purchase; and his right to such recovery was not dependent on his ownership of the fee in the street. (P. 263.)

#### 2.—Same—Charge.

Where plaintiff's damage for injury to his property by telephone structures in the street on which it abutted was limited to such as were incurred within two years before suit brought, he being owner of the property during all such time, the failure to charge that he could not recover for damage inflicted before he purchased the property was not prejudicial to defendant.   (Pp. 263, 264.)

#### 3.—Injunction—Adequate Legal Remedy.

Where the relief of plaintiff requires the restraint of some act of defendant prejudicial to him, injunction is not necessarily denied because the wrong may be compensated in an action for damages.   Revised Statutes, art. 2980.   (Pp. 264.)

#### 4.—Injury to Property—Injunction.

A telephone company may be injoined from maintaining structures which destroy the shade trees growing on the sidewalk of the owner of a lot abutting on the street in which they are erected where there is no reasonable necessity for such destruction; but the evidence here considered is held to show no probability of such destruction as the result of their maintainance, and not to warrant injunction against same.   (Pp. 264, 265.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Hill County.

Smithdeal.sued the telephone company and had judgment for damages and injunction.   Defendant appealed and on affirmance, obtained writ of error.

*A. P. Wozencraft, W. S. Bramlitt* and *W. E. Spell,* for plaintiff in error, cited: Railway Co. v. De Groff, 102 Texas, 440; City of Marshall v. Allen, 115 S. W., 850-851; Rische v. Texas Transp. Co., 27 Texas Civ. App., 33; McWethy v. Light & Power Co. (Ill.), 67 N. E., 9; Bronson v. Albion Teleph. Co., 67 Neb., 111; McCann v. Johnson Co. Teleph. Co., 69 Kan., 210; Maxwell v. Cent. Dist. & Ptg. Co., 51 W. Va., 121; Railway Co. v. Ruby, 80 Texas, 177; Fordyce v. Wolfe, 82 Texas, 239; Dulaney v. Nolan County, 85 Texas, 227; Kotz v. Railway Co. (Ill.), 59 N. E., 240; Holbein v. De La Garza, 126 S. W., 45; Brown v. Tel. & Tel. Co., 17 Texas Civ. App., 433; Tel. & Tel. Co. v. Pomona, 97 C. C. A., 253.

*Morrow & Smithdeal,* for defendant in error.—Neither the Legislature nor the city council had the power to authorize appellants to so erect its poles, wires and cables as to damage appellee's property and at the same time deny the appellee the right to compensation therefor, no matter whether such structures were on appelle's side of the street or on the opposite side, and no matter whether appellee owned the fee in the street or not.   Railway Co. v. Hall, 78 Texas, 170; Railway Co. v. Downey, 82 Texas, 385; Railway Co. v. Odom, 53 Texas, 351; Railway Co. v. Eddins, 60 Texas, 656; Railway Co. v. Fuller, 63 Texas, 467; Cleburne v. Railway Co., 66 Texas, 461; Greenville v. Alland, 27 S. W., 292.

The fact that the appellant may have had authority from the city council, and under the acts of the Legislature of Texas, to erect its structures on the streets of Hillsboro, would not authorize it to damage appellee's property without compensating him therefor, even if such structures were necessary to the conduct of appellant's business. Mitchell v. Bass, 26 Texas, 380; Day v. Chambers, 62 Texas, 190; Houston v. Finnegan, 85 S. W., 470; Clutter v. Davis, 25 Texas Civ. App., 532; Nicoll v. Telephone Co., 42 Atl., 583; Brown v. Telephone Co., 17 Texas Civ. App., 433; Kruger v. Telephone Co., 81 N. W., 1041; Donovan v. Alert, 91 N. W., 441; Chesapeake v. McKenzie, 21 Atl., 690.

Appellant can not destroy appellee's shade trees nor injure nor damage appellee's homestead with its unsightly structures, no matter whether such structures are on poles or not, or in the public highway, without making compensation for such injury or damage, and even then has no right to take appellee's property or injure it unless necessary in the operation of its telephone properties. Hays v. Columbia, 12 Ohio Cir. Dec., 167; Broome v. Telephone Co., 42 N. J. Eq., 141; Russ v. Pa. Tel. Co., 15 Pa. Co. Ct., 226; Telephone Co. v. Chicago, 16 Fed., 309.

MR. JUSTICE DIBRELL delivered the opinion of the court.

This is an action by C. M. Smithdeal, plaintiff below, against the Southwestern Telegraph & Telephone Company, defendant below, begun in the District Court of Hill County, for the dual purpose of recovering damages done his property, situated in the city of Hillsboro, by reason of the construction by said company of its telegraph and telephone lines in and along the sidewalks and streets of the city of Hillsboro adjacent to his property occupied by him as a homestead, and to secure a mandatory injunction requiring the defendant to remove certain of its wires and cables. The claim for damages and mandatory injunction was based on the allegations that plaintiff owned and occupied a certain lot situated at the intersection of Franklin and Ivy Streets in the city of Hillsboro, fronting 90 feet on one street and 160 feet on the other, having upon it a dwelling house and the usual outhouses. That between the lot and the street there is a sidewalk on one side of his property in which are growing large and valuable shade trees belonging to plaintiff, and which render more valuable his property by adding thereto comfort and beauty. That defendant has erected poles along and on the sidewalk fronting Franklin and Ivy Streets, and has placed cross arms on the poles and strung thereto wires and cables; that it "has erected and placed a large, tall, rough and unsightly pole" at the northeast corner of plaintiff's property in the sidewalk and one of like character on the east side, and attached thereto long, ugly and unsightly cross arms and spikes and strung thereon wires, cables and guy wires. That all of such structures obstruct plaintiff's view and produce an ugly sight which has greatly depreciated the value of his property, making it less desirable. That the wires and cables are so strung and attached to said poles as to rest in and among the limbs and boughs of said trees and has injured such trees by bruising and breaking the limbs and if suffered to remain in such position will eventually kill and destroy his trees entirely, to his irreparable in-

jury and damage in the sum of $500. The claim for accrued damages to the trees was laid at $500 and to the property generally at $700.

The defendant answered to the merits by general denial and a number of special pleas, among which were the following: that it had a permit from the State of Texas to do business in the State and that in conformity with such permit and the grant of a franchise from the city of Hillsboro it constructed its lines in and along the streets and sidewalks in said city and is operating a local and long distance exchange in the city of Hillsboro for telegraphic and telephone purposes; that its business is conducted as a public service and that its lines consisting of poles, wires, cables and guy wires are so constructed as not to interfere with the use of said streets and sidewalks and in compliance with the city ordinance controlling such structures, and that said lines are properly constructed and maintained, and that said lines were constructed long before plaintiff owned his said property and before his said trees were planted.

The cause was tried by a jury, who assessed the damage at $250 and found in response to a request by the court that it was not necessary for defendant's cables to remain in the boughs of plaintiff's trees.

Based upon the verdict of the jury the court entered judgment against the defendant for the sum of $250, with interest thereon at six percent per annum from date of judgment, and awarded plaintiff a mandatory injunction in the following language: ". . . it is therefore ordered, adjudged and decreed by the court that the plaintiff have a mandatory injunction requiring the said defendant to remove the said cables from the branches of the plaintiff's trees and that said injunction be perpetual and forever enjoin the defendant from placing its cables in the plaintiff's trees or in the branches of plaintiff's trees and that the defendant be at once required to remove said cables so that the same will not come in contact with the plaintiff's said shade trees."

From the foregoing judgment the defendant appealed to the Court of Civil Appeals for the Fifth Supreme Judicial District, and said judgment was affirmed by said court (The Southwestern Telegraph & Telephone Co. v. C. M. Smithdeal, 126 S. W., 942), and is in this court on writ of error.

The material facts adduced on the trial of this cause as found by the Court of Civil Appeals were substantially as follows: "Defendant's constructions consisted of poles set at intervals along the sidewalks in the streets, some of which were stayed by guy posts and wires, and on said poles were cross beams upon which were strung wires and cables, the whole forming a complete structure. Part of this structure was placed on the sidewalk adjoining plaintiff's lot and other parts on the sidewalks opposite said lot."

"The evidence shows that plaintiff owned a lot in the city of Hillsboro, on which he had erected a residence which he occupied as a homestead, and on the sidewalks adjoining shade trees were growing. Defendant company had erected its lines along said sidewalk, having authority from the State and said city of Hillsboro so to do. Its wires and cables had come in contact with the branches of said trees, thereby injuring

them, which depreciated the value of plaintiff's lot and impaired its use for the purpose of a home."

"The evidence shows that the cables were interfering with the growth of the trees, and that said cables could be placed higher on the poles there erected, where there would be no interference, and without any great expense or material inconvenience to defendant in the operation of its business."

At the request of defendant the Court of Civil Appeals made a further finding of facts as follows:

"1. That the main part of appellant's structure was built about the year 1895, and before the appellee acquired the lot on which stands his residence, and that only slight additions have been made thereto in the two years next preceding the bringing of plaintiff's suit.

"2. That said structure . . . does not interfere with or incommode public travel more than is usual in structures of like character, erected for the transportation of messages in the telegraph and telephone business.

"3. That the said structure was erected before appellee planted his trees and at a time when the growth of said trees had not developed."

We have undertaken to give a fuller statement of the pleadings and facts, perhaps, than the importance of the case justifies, but we deem it essential to do so to a clear understanding of the points of the law decided.

Two salient questions are presented for consideration in disposing of this case: (1) Whether under the pleadings and proof the plaintiff was entitled to recover damage to his property occasioned by defendant placing its telephone poles and equipments on the sidewalks in front of his property abutting the street and in the boughs of his shade trees growing on such sidewalks, under the circumstances and producing the effect set forth in plaintiff's pleadings; and (2) whether by reason of such pleadings and proof as herein indicated he is entitled to a mandatory injunction requiring defendant to move its wires and cables from their present position.

While there are other questions involving the sufficiency of plaintiff's pleadings and the proper admission of testimony raised in the petition for writ of error we do not think such issues seriously bear upon the merits and a proper disposition of the issues to be decided.

When this case was before the Supreme Court upon Certified Question (Southwestern Tel. & Tel. Co. v. Smithdeal, 103 Texas, 128), three points of law growing out of plaintiff's present action were definitely settled; (1) that defendant, as a telephone company, by the construction of its lines in the public streets created an additional burden upon such streets and is liable to abutting property owners for any damage resulting to such property caused by the structure of such lines; (2) that notwithstanding the telephone line may have been constructed by authority of law and in a proper manner, yet if the presence of such line in the street caused or contributed to the depreciation of the "market value" of the abutting property the company is liable for such damage; and (3) that the plaintiff had the right to grow trees upon the sidewalk abutting his property, and if his trees thus growing were damaged by the wires or cables of defendant, and such

damage to the trees contributed to the depreciation of the market value of the property, defendant would be liable. S. W. Telg. & Telp. Co. v. Smithdeal, 103 Texas, 128, and authorities therein cited.

The contention of the defendant that because its line of telephone was constructed and in operation before plaintiff became the owner of the abutting property, would be a complete defense to plaintiff's claim for damages to his property resulting from the causes set forth in his petition, were it not true that there was evidence as indicated by the findings of fact by the Court of Civil Appeals to the effect that additions had been made to the structures of the defendant within the two years next preceding the bringing of plaintiff's suit, and there is in the record evidence that after plaintiff purchased the property adjacent to the streets along which defendant has constructed its lines at least two large and tall telephone poles had been placed and in different localities from where they formerly were and at least one large cable strung, and that there was some injury to the boughs and limbs of his trees caused by the presence and contact of the cables. There being testimony of this character and the issue having been properly submitted to a jury we are not authorized to interfere with their finding on this issue. Besides this the proof showed that plaintiff had owned the property for more than two years before the suit was begun. We think that notwithstanding defendant's telephone lines had been erected in the street before plaintiff's purchase of the abutting property, and in consequence of this fact he could not recover damages to such property that resulted from the presence of the structures before he became the owner of the property, he would nevertheless be authorized to recover any proper damage that might have resulted to his property by any changes in the former construction of its lines, or additions thereto within the time to which plaintiff's right of recovery was limited, which might have been found by the jury as increasing the existing additional servitude to the use of the streets occasioned by the former presence of defendant's structures. Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Texas, 467; Gulf, C. & S. F. Ry. Co. v. Eddings, 60 Texas, 656; Dillon, Mun. Corp., secs. 698, 698a; Lewis, Em. Domain, sec. 131; Stowers v. Postal Tel. Co., 12 L. R. A., 864; Theobold v. Railway Co., 66 Miss., 279; Keasbey on Electric Wires, p. 81, secs. 16, 17; Clawson v. Baltimore Tel. Co., 24 L. R. A., 721.

Plaintiff's claim for damages occasioned by the new servitude imposed upon the streets abutting his property by the construction of defendant's telephone lines, accrued to him without regard to whether or not he owned the fee in such streets. It is unnecessary to go into a discussion of that question in order to determine the right of plaintiff to damages in this case. Keasbey on Electric Wires, p. 82, sec. 18; Story v. New York Elec. R. R. Co., 90 N. Y., 122; Smith v. East End St. Ry. Co., 87 Tenn., 626, 11 S. W., 709.

It is made a ground of complaint that the jury was not instructed that plaintiff could not recover damages done his property by the construction of defendant's lines before plaintiff's acquisition of the property alleged to have been damaged, but while it would have been proper to so have instructed the jury, it became unnecessary to do so in view of the fact that the undisputed testimony showed that he had

owned the property for more than two years prior to the bringing of his suit and his right of recovery was limited to such damages as might have accrued to his property within two years next before the filing of his suit. We therefore think the judgment for damages was authorized by the law and the evidence.

The next question to be considered is whether the facts developed by plaintiff on the trial of the cause were sufficient to entitle him to the mandatory injunction awarded by the trial court and affirmed by the Court of Civil Appeals. It may be stated in a general way as the law of this State that the threatened destruction of shade or ornamental trees situated in the sidewalk of a municipality abutting the property of a private owner, where the proof is clear that the destruction of such trees will be effected by the instruments complained of and it is shown that no reasonable necessity requires the destruction of such trees in furtherance of some public service, such instruments may be the subject of removal by mandatory injunction, and this equitable remedy may be invoked even though the party whose property is thus threatened with destruction may have an adequate remedy at law as that remedy is defined in cases denying an injunction under the rules of the common law.

The tendency of the holding of the Supreme Court has been in recent years to so modify the common law doctrine of denying the equitable remedy of injunction where there exists an adequate remedy at law, as that remedy is commonly understood, as to hold that article 2980, Revised Statutes, gives the remedy by injunction not only "in all cases where the applicant for the writ may show himself entitled thereto under the principles of equity," but in addition thereto the remedy by injunction is given "where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act prejudicial to the applicant." Sumner v. Crawford, 91 Texas, 129. In the case under consideration plaintiff's pleadings clearly entitle him to the mandatory injunction sought, but the evidence does not sustain the pleadings in that regard in the remotest degree. The evidence does, however, show that defendant would not be authorized to destroy plaintiff's trees growing in the sidewalk abutting his property, for the reason that such extraordinary authority must result from reasonable necessity, and the evidence shows on this point that no reasonable necessity existed for the destruction of such trees in order to maintain defendant's structures, but on the other hand there is no evidence that the wires or cables of defendant's telephone line if left in their present place would destroy plaintiff's trees. Applying the principles here laid down, if it were shown that the wires or cables of defendant's line, left in their then place would kill or destroy plaintiff's trees, he would be entitled to the extraordinary remedy sought, although he would have his action for damages for the destruction of his trees. Theoretically this would be an adequate remedy at law denying him the equitable remedy by injunction; but practically it would be inadequate, for under the well established rule fixing the measure of damage for destruction of shade trees, such claim would be confined to the effect the destruction of such trees would have toward depreciating the "market

value" of the abutting property, while the full measure of damage could never be reached without invading the realm of sentiment, which the staid rules of law deny. High on Inj., sec. 727; Elliott on Roads & Streets, secs. 665, 706.

It is contended by counsel for defendant that there is no evidence in the record showing or tending to show that its wires or cables have interfered with the growth of plaintiff's trees, or that if left in their present position, plaintiff's trees would be destroyed or seriously injured. The evidence in the record affirmatively shows that the growth of plaintiff's trees has not been interfered with by defendant's wires or cables and the record is silent as to any threatened serious injury or damage to plaintiff's trees.

In American & English Encyclopedia of Law, 2d edition, volume 16, page 342, the rule governing the granting of mandatory injunctions is thus laid down: "Mandatory injunctions will never be granted unless extreme or very serious damage at least will ensue from withholding that relief; and each case must of course depend on its own circumstances."

In the light of the foregoing rule as applicable to the case made by plaintiff's evidence we are of opinion that the mandatory injunction in this case was wrongfully granted.

It is also our opinion that in this case the plaintiff having recovered damages for the permanent injury to his property caused by the wrongful acts of defendant complained of, is not under the peculiar facts disclosed in the record entitled to the additional remedy of mandatory injunction. Apparently his grievance has been satisfied.

In accord with the foregoing view we are of opinion that the judgments of the District Court and Court of Civil Appeals in so far as plaintiff was awarded damages should be affirmed, and that in so far as plaintiff was granted the mandatory injunction by the District Court and affirmed by the Court of Civil Appeals the judgments should be reversed and judgment here rendered that the petition for a mandatory injunction be denied and that the petition be dismissed, and it is so ordered.

*Affirmed in part and in part reversed and rendered.*