### BLAIR v. WALDO. (No. 8243.)

(Court of Civil Appeals of Texas. Galveston. Nov. 16, 1922. Rehearing Denied Dec. 7, 1922.)

1. **Municipal corporations ☞663(3)—Property owner may grow shade trees in street in front of property.**

A property owner may grow trees in front of his property, outside the property line of his land and within the city street.

2. **Eminent domain ☞112, 285 — City constructing sewer must pay property owner for consequent destruction of his trees in street in front of his property; sewer contractor not liable for destruction of trees unless negligent.**

Under Const. art. 1, § 17, requiring compensation for property taken or damaged for public use, the city is liable to a property owner for loss of or damage to his trees growing in the street in front of his property, resulting from the construction of a sewer in the street, but the sewer contractor, constructing the sewer without negligence is not so liable to the property owner.

3. **Eminent domain ☞271—Right to damages for taking for public use not dependent on negligence.**

Under Const. art. 1, § 17, as to taking or damaging for public use, the liability of the authorities for damages from constructing a sewer does not depend upon negligence.

4. **Eminent domain ☞285—Municipal officers and agents not liable for damages for taking for public use.**

When a municipality is authorized by law to take or damage private property for public use, its officers and agents making the proposed public improvement cannot be held personally liable for the compensation expressly granted by Const. art. 1, § 17, if such improvement is made without negligence which caused the damage to private property.

Pleasants, C. J., dissenting in part.

Error from Harris County Court; John W. Lewis, Judge.

Action by J. M. Blair against Wilmer Waldo. Judgment for defendant, and plaintiff brings error. Affirmed.

Tharp & Tharp, of Houston, for plaintiff in error.

B. F. Louis and W. A. Combs, both of Houston, for defendant in error.

LANE, J. This suit was brought by plaintiff in error, J. M. Blair, against defendant in error, Wilmer Waldo, on the 23d day of May, 1918, to recover damages to certain real estate. For cause of action Blair alleged that he was the owner of certain three tracts of land fronting 530 feet on Leeland avenue in the city of Houston, Tex.; that Leeland avenue is a resident street in front of his property; that on the 1st day of November,

1916, he had planted and growing on the sidewalk in front of his property a number of live oak trees, eight years of age; that on said last-named date the said Wilmer Waldo, constructed a sanitary sewer along Leeland avenue in front of plaintiff's property, and that by reason of the negligent and careless construction of said sewer the defendant Waldo had destroyed his said trees, to the damage of his real property in the sum of $300, for which he prayed judgment. The defendant denied generally and, specially all the allegations of the plaintiff's petition. For further answer he alleged that he constructed the sewer mentioned by plaintiff under a contract with the city of Houston, made and entered into between himself and said city through and by its duly authorized officers and agents, that the construction of said sewer was duly authorized by the, proper city officials, and that said sewer was carefully, and without negligence, constructed by him in the manner prescribed in said contract, and that such construction was the construction of a necessary public improvement authorized by the proper authorities of said city, and that, if plaintiff's trees were destroyed, they were unavoidably destroyed in the proper construction of said, public sewer, and therefore plaintiff is not entitled to recover in this suit. The case, was tried before the court without a jury and judgment was rendered for the defendant.

The cause is now submitted to this court upon the findings of fact of the trial court, which are unchallenged and are as follows:

"First. I find that on or about November 1, 1916, J. M. Blair was the owner of the property described in his original petition, having a frontage on Leeland avenue of 520 feet, in the city of Houston, and that he had 21 live oak trees growing on the sidewalk in front of said property; that all of said trees were situated without the property line of plaintiff's said land and within the city street.

"Second. That the. defendant, Wilmer Waldo, beginning on or about the 2d day of November, 1916, constructed a sanitary sewer on Leeland avenue in front of plaintiff's said property, and in the construction of said sewer destroyed all of plaintiff's said trees; that in the construction of said sewer the defendant, Wilmer Waldo, was acting as an independent contractor, for and on behalf of the city of Houston, under contract duly entered into by and between said defendant and the proper municipal authorities of said city of Houston; that in authorizing the construction of said sewer as specified and provided in said contract, said municipal authorities acted in accordance with their best judgment and discretion, and the construction of a sewer in accordance with said contract was in furtherance of the public welfare; that said sewer was constructed by the defendant in accordance with the terms and provisions of said contract and the destruction of all of plaintiff's said trees was necessary in order to construct said sewer, and defendant,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Waldo, used due care to prevent the destruction of said trees.

"Third. That by reason of the destruction of said live oak trees, plaintiff's property was lessened in market value in the sum of $300."

The court also filed his conclusion of law, which is as follows:

"From the foregoing facts, I find that plaintiff, J. M. Blair, is not entitled to recover herein."

The only assignment is as follows:

"The court erred in holding, as a matter of law, that Wilmer Waldo, an independent contractor, in building a sanitary sewer, under contract with the city of Houston, on a public street, was not liable in damages for the destruction of live oak trees growing on the sidewalk in front of J. M. Blair's property, which destruction lessened the market value of said property; it being necessary to destroy the trees in order to build the sewer."

Plaintiff in error asks this court to reverse the judgment rendered and to render judgment in his favor for $300 upon the sole proposition that, as by article 1, section 17, of our state Constitution it is provided:

"No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person,"

—the defendant, Waldo, is liable to him for 'such diminution in value of his real estate as was caused by reason of the destruction of his trees, notwithstanding the fact that the sewer was a necessary public improvement, and which was without negligence properly constructed by authority of the proper city authorities.

[1, 2] There is no doubt, we think, that plaintiff had the right to grow upon the sidewalk the trees destroyed. S. W. Tel. & Tel. Co. v. Smithdeal, 103 Tex. 128, 124 S. W. 627, Id., 104 Tex. at page 262, 136 S. W. 1049. Nor can there be any doubt that, had these trees been destroyed by a public service corporation in the construction of railroads, telegraph, or telephone lines, though in proper care and under a franchise from the city, such corporation would be liable to the plaintiff for the damages suffered. S. W. Tel. & Tel. Co. v. Smithdeal, supra; Railway Co. v. Fuller, 63 Tex. at page 467; Brewster v. City of Forney (Tex. Com. App.) 223 S. W. 175, and the numerous authorities therein cited. Nor can it be questioned that the city of Houston had the lawful right to construct or cause to be constructed, in a careful and proper manner, as it did in the instant case, the sewer shown to have been constructed for it and under its direction by appellee, Waldo. Jones v. City of Houston (Tex. Civ. App.) 188 S. W. 688. Appellant makes no contention to the contrary. The city has the authority to lay sewers, and to grade its streets. Authority

to establish grades for streets and to grade them involves the right to make changes in the surface of the ground which may affect injuriously the adjacent property owners, and the laying of sewers may have a like effect; and where such construction is without negligence, there is no liability, unless such liability is created by special constitutional provision or by statute, and then only to the extent provided. Dillon, Municipal Corporations (4th Ed.) § 1051. But article 1, section 17, of our Constitution, as has been shown, provides that—

"No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person."

Since the adoption of this constitutional provision it has been held that the owner of land abutting on a street may recover damages for injury to such land caused by grading or changing the grade of the street. Cooper v. City of Dallas, 83 Tex. 239, 18 S. W. 565, 29 Am. St. Rep. 645; Texarkana v. Talbot, 7 Tex. Civ. App. 202, 26 S. W. 451; Benjamin v. Railway Co., 49 Tex. Civ. App. 473, 108 S. W. 411; Brewster v. City of Forney (Tex. Com. App.) 223 S. W. 175; Dillon on Municipal Cor. (4th Ed.) § 1684.

[3] Our Constitution not only prohibits the taking and destruction of a person's property for the public use without compensation, but also prohibits the damaging of such property without compensation. The liability for such damages, so created, does not depend upon being the result of negligence, but the owner has the absolute right to compensation for damage done to his property, unless he has consented thereto. Cooper v. Dallas, 83 Tex. 239, 18 S. W. 565, 29 Am. St. Rep. 645; City of Fort Worth v. Howard, 3 Tex. Civ. App. 537, 22 S. W. 1059.

If the sewer complained of in the instant case could not be constructed, however compelling the necessity for it, without doing injury to the property of a citizen, it could nevertheless be rightfully constructed; but in such event the city, the aggregate of citizens, must stand the damages incurred by its construction, and such aggregation is bound by constitutional provisions to compensate the injured citizen for the damages he has suffered by reason of the premises. This is the law as it has been declared by all the courts of Texas, and as it should be. Brewster v. City of Forney (Tex. Com. App.) 223 S. W. 175.

In the case last cited, which has the approval of the Supreme Court, it is said:

"The Constitution of Texas and the decisions of her courts reveal a zealous regard for the rights of the individual citizen. Not only will they not permit his property to be 'taken' for a public use without compensation, but will not permit it to be damaged unless the citizen is compensated to the extent of such damage. To hold otherwise would be to put upon one citizen

a burden which should rest upon the aggregate citizenship, as the direct beneficiary of the public work, the construction and operation of which has damaged the property of one citizen. That great law-writer, Mr. Sedgwick, who, in the course of a criticism of the holding of a court of the state of New York in a case similar to the instant case, on the ground that the holding was narrow and technical, said: 'The tendency of our legislation in matters of public improvement is undoubtedly to sacrifice the individual to the community.' "

In Nussbaum v. Bell County, 97 Tex. 86, at page 91, 76 S. W. 430, 432, in answering certified questions, Judge Williams, speaking for the Supreme Court, said:

"Under our Constitution, 'no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person.' Article 1, § 17. Under statutory provisions, property may be taken or damaged by counties for public use in establishing and maintaining public roads, and the authority thus given embraces the making of ditches and drains. Batts' Stats. arts. 4745, 4757, 4769, 4776, 4782, 4784, note 13864. It is therefore true, as contended by appellant, that where this authority is properly exercised a county may be made liable for the damage thereby caused to private property. This would be a case in which liability is expressly imposed upon the county. Hamilton County v. Garrett, 62 Texas, 602; Wooldridge v. Eastland County, 70 Texas, 680; Watkins v. Walker County, 18 Texas, 592."

In Cooper v. Dallas, 83 Tex. 239, 18 S. W. 565, 29 Am. St. Rep. 645, it is said:

"There are numerous decisions holding that acts done in the proper exercise of governmental powers and not directly encroaching upon private property, though their consequences may impair its use, are not a taking within the meaning of the constitutional provision, and do not entitle the owner of such property to compensation from the state or its agents, or give him any right of action. Chicago v. Taylor, 125 U. S. 164. We do not doubt the correctness of such a decision under laws only requiring compensation to be made for property *taken* for public use.

"The provision in our Constitution now reads: 'No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such persons.' Const. art. 1, § 17. In other states, in whose laws a like change has been made, the right to recover damage where there has been no direct or physical invasion of the property is now recognized. Chicago v. Taylor, supra. The same doctrine was announced by this court in the case of Railway v. Hall, 78 Texas, 169."

It is well settled by the decisions of the courts of Texas that a city is bound by the provisions of the Constitution to compensate citizens whose real property has been damaged by the grading or regrading of its streets, notwithstanding such grading was done lawfully and without negligence. This

seems to be conceded by appellee, but he contends that, notwithstanding trees grown by citizens on sidewalks in front of their properties are lawfully so grown, as held in S. W. Tel. & Tel. Co. v. Smithdeal, 104 Tex. 262, 136 S. W. 1049, the compensation provided by article 1, section 17, of the Constitution would not be required to be paid by the city for the damage resulting to a citizen's property by reason of the destruction of the trees upon the sidewalk, which destruction became necessary in the proper laying of a public sewer.

The majority of this court are unable to agree to such contention. We think no logical reason can be assigned why it should be held that compensation should be made, under the provisions of the Constitution, for damages resulting from the lawful and proper grading and regrading of streets, and a different rule applied where damage results from the destruction of the citizen's trees. Both grading of the streets and construction of the sewer are authorized by law, and it has been uniformly held by our courts that the city cannot be restrained from making such improvements in its streets. Jones v. City of Houston (Tex. Civ. App.) 188 S. W. 688; Sp. Acts 29th Leg. p. 131, granting a charter to the city of Houston. But it has not been held by any court in Texas, so far as we are informed, that the city would not be bound to compensate a citizen whose property had been either taken, damaged, or destroyed for public use, whether such damage resulting from grading streets or from the performance of any other act authorized by law. It is suggested that the appellant knew when he set his trees on the sidewalk, a part of the street, that the city might, in the exercise of powers conferred upon it by law, construct a sewer, and in so doing destroy his trees. This suggestion is no doubt true, but it is equally true that appellant knew that when he purchased his property and improved the same in conformity to the streets as then graded that such grade might be changed, but in such case, as has been already shown, the city is bound to compensate him for such damage as might result to his property by such regrading of the streets, notwithstanding such grade be made without negligence.

Applying the principles above stated to the present case, the city of Houston in a suit against it would, under the facts found by the court, in the opinion of a majority of this court, be bound to compensate appellant for the diminution in the value of his land caused by the construction of the sewer, which was constructed by appellee, Waldo, for the city by authority of law, and under the direction and authority of the proper officers of the city, and without negligence. But as this is not a suit against the city of Houston, no recovery could be had against it herein.

This is, as has been shown, a suit against appellee, Waldo, alone to recover compensation expressly given by the Constitution for damages suffered by reason of the lawful and proper construction of a public sewer in accordance with the terms of a contract between him and the city, by which the plan and route of the sewer was designated and fixed. In·such case, the suit is not one for tort, or for any wrong done by Waldo, but is one for compensation granted by the Constitution to be paid for by those benefited by the act causing the damage; that is, by the city, the aggregate of citizens, the public generally. Brewster v. City of Forney (Tex. Com. App.) 223 S. W. 175. We do not think that any cause of action is shown against appellee, Waldo.

By the charter granted·to the city of Houston it has been clothed with authority to take, damage, or destroy property of a citizen within its corporate limits for public use. Therefore if, in the exercise of·such authority, private property is damaged in the proper and lawful construction of a public sewer, it cannot be said to have been unlawfully damaged; nevertheless, in such cases, the injured party is entitled to the compensation, expressly granted by the Constitution, from the city which receives the benefits, but not from officers or agents who act only under the direction of the city. To all practical and legal intents and purposes, the plaintiff's property, to the extent of $300, was taken by and for the benefit of the city, the aggregate of citizens, and not by the appellee, Waldo. Brewster v. City of Forney, supra; Sinnickson v. Johnson, 17 N. J. Law, 129, 34 Am. Dec. 184.

We think it should be held as an elementary principle of law that a contractor, under the state of facts of the instant case, is not bound to pay the compensation granted by the Constitution to the injured owner, it being shown that he had, without negligence and under direction of the city, constructed the sewer, which the city had the lawful right to construct.

[4] When a municipality is authorized by law to take or damage private property for public use, its officers and agents making the proposed public improvement cannot be held personally liable for the compensation expressly granted by the Constitution, if such improvement is made without negligence which caused the damage to such private property. Nussbaum v. Bell County, 97 Tex. 86, 76 S. W. 430.

Having reached the conclusion that no personal judgment could be properly rendered against appellee, Waldo, the judgment of the trial court in his favor is affirmed.

Affirmed.

On Motion for Rehearing.

PER CURIAM. Rehearing denied.

PLEASANTS, C. J. (dissenting in part). I concur in the opinion of the majority of the court, affirming the judgment of the trial court and refusing the motion for rehearing, but I cannot agree with the views expressed in the majority opinion on the liability of the city of Houston for damages caused appellant's property by removing the trees from the·sidewalk in front thereof. The right of the city to use the sidewalk, which is a part of the street, as a location for sewerage pipes or conduits, and, if necessary for this use, to remove the trees growing thereon, is not questioned by the majority; but they hold that the city should be held liable for any damage to appellant's property caused by the loss of the trees. I do not think that the owner of property abutting on a street has, as against the city, any property right in the trees growing in the street, which is protected by article 1, section 17, of our Constitution, cited in the opinion of the majority. In Dillon on Municipal Corporations (5th Ed.) § 1154, that eminent author says:

"But with respect to streets in populous places, the public convenience requires more than the mere right to pass over and upon them. They may need to be graded and brought to a level, and therefore the public or municipal authorities may not only change the surface, but cut down trees, dig up the earth, and may use it in improving the street or elsewhere, and may make culverts, drains, and sewers upon or under the surface. Whether the municipal corporation holds the fee of the street or not, the true doctrine is that the municipal authorities may, under the usual powers given them, do all acts appropriate, or incidental to the beneficial use of the street by the public of which, when not done in an improper and negligent manner, the adjoining fee holder cannot complain."

In section 721 of the same work it is said:

"The title or interest of the abutting owner in the shade trees must yield to the power of the city to grade the street, or to build sidewalks, or otherwise improve it. For any injury resulting therefrom, the abutting owner has no redress."

In volume 4, § 2001, McQuillin on Municipal Corporations, it is said:

"The owner may recover damages for the unnecessary injury or destruction of shade trees along the sidewalk, caused by a change of street grade or the construction of a sewer. But where the trees are within the lines of the street or sidewalk on which grading is done, the municipality is not liable to abutting owner, should their destruction become necessary in the proper execution of the work. The question as to whether there is a necessity for the removal of shade trees to make room for the improvement is within the discretion of the municipal authorities, with which the courts will not ordinarily interfere. However, if the city acts capriciously in the matter, when it palpably appears that no public necessity for

their removal exists, an injunction will be granted at the instance of the lot owner to prevent their removal."

The distinction between the damage caused abutting property by changing the grade of a street, and thereby making its ingress and egress inconvenient, and thus interfering with and hindering the owner in its use and enjoyment, and that caused by the removal of shade trees growing in the street, seems clear to me. This distinction is clearly pointed out in the case of Webber v. Salt Lake City, 40 Utah, 221, 120, Pac. 503, 37 L. R. A. (N. S.) 1115. The facts in that case are practically identical with the instant case. In discussing the question the Supreme Court of Utah says:

"We confess our inability to understand how the abutting owner, who is a mere licensee of the municipality, in the absence of an express statute, can acquire a property right in trees which he may enforce, as against the municipality, in case it becomes necessary to remove them in making a public improvement in the street, when such improvement is made in a careful and lawful manner. * * * It is contended by counsel, however, that, inasmuch as respondent could and did recover damages which were caused to her property by reason of removing the soil, for the same reason, and upon the same principle, she should be permitted to recover for the removal of the trees. The fallacy of this contention lies in the assumption that respondent recovered for the removal of the soil. The true ground upon which her recovery is based is that in removing the soil her retaining wall was destroyed, and the convenient ingress and egress to and from her property was prevented. In this way there was a substantial interference with the use of her property which reduced the market or salable value thereof. If she is permitted to recover for the removal of the trees growing in the public street, however, then she could do so, although she had in no way been hindered in the use and occupation of her property. In removing the soil, so as to interfere with the use of her property, she suffered a direct and substantial injury. In removing the trees, however, the city only removed that in which respondent had no property right as against the city, and that which in no way interfered with the use of her property, or in having access thereto. No doubt, as against any one who unlawfully interfered with the trees, respondent, as an abutting owner, could recover for any injury she might have sustained. This is so, however, because, as against a wrongdoer, her right as a mere licensee of the city would be quite sufficient to sustain her action. Not so as against the city, because, as against it, she has no rights, so long as the city, in interfering with the trees, acted pursuant to law and in a careful manner. * * * After a careful consideration of the decisions of the courts of last resort and of the constitutional and statutory provisions upon which the decisions rest, we are forced to the conclusion that the respondent is not entitled to recover any damages for the removal of the trees, for the reason that such damages, under the circumstances, are damnum absque injuria."

The provision of the Constitution of Utah prohibiting the taking or damaging of private property for public use without just compensation to the owner is the same as that contained in the Constitution of this state. I know of no decision of our Supreme Court giving a different application of this constitutional provision to the removal by city authorities of trees from a street, when necessary in improving the street, from that made in the opinion above quoted. I think the opinion is sound, and the rule therein announced is the law of this case.