## CITY OF SAN ANGELO v. NEILON.

### No. 8437.

Court of Civil Appeals of Texas. Austin.
April 14, 1937.

Rehearing Denied May 5, 1937.

R. G. Hughes and Olin Blanks, both of San Angelo, for appellant.

S. C. Autry and Kerr & Gayer, all of San Angelo, for appellee.

BAUGH, Justice.

Appellee sued appellant for damages to his property resulting from the pavement of the street in front of it. He recovered judgment in the justice court for $197.50, and on appeal to the county court, judgment for $110, from which the city has appealed. The pleadings were oral, and no statement of facts was prepared. The trial court filed findings of fact which are not questioned, and it is agreed that the oral pleadings were sufficient to admit all evidence on which such findings were based.

The facts show that in 1927 appellee desired to build a curb and gutter at the street line in front of his property, a cement sidewalk, and driveway entrance from the street. At that time only the central part of the street was paved. The city refused to grant him a permit to build such improvements in the proposed locations (which were the proper locations with reference to the street and property line), but would grant him a permit only on condition that he build the curb and gutter over inside the street line a few feet so as to leave no unpaved portion of the street between such curb and the portion of the street already paved. He agreed to do this, as required by the city, the permit was thereupon granted, and at his own expense of more than $200 he built such curb, gutter, driveway, and sidewalk, all located where the city required him to locate them. Between his sidewalk and the curb he excavated and filled in fertile soil and established a rose garden, part if not all of which was in reality within the lines of the street as originally laid out. This was cultivated, beautified, and remained for some six or seven years, when the city undertook to pave this street to its original lines. This paving was done by the State Highway Department, without cost to the city, and for the purpose of widening the then existing thoroughfare. In doing this the rose bed was destroyed, the street grade lowered, the drivein rendered useless unless rebuilt, and the curb moved over almost to the sidewalk and placed so much lower than the sidewalk as to render additional expense necessary in order to preserve the sidewalk.

The appellee, prior to the beginning of such street paving, threatened suit against the city to enjoin such improvement, but to prevent such suit being filed the city manager and the mayor agreed to pay appellee whatever damages he might sustain as a result, and appellee forebore the filing of such suit in reliance upon such agreement. When the improvements were completed, the city failed and refused to pay such damages, hence this suit.

 Whether the suit was predicated upon breach by the city of its agreement with appellee, or upon damages resulting from the street widening improvement is immaterial. The original improvements made by appellee were built where and as the city required. Appellee did not seek damages for the destruction of the curb and gutter, but damages to his property re-

sulting from the new improvements in widening the street. Such damages as he suffered as a result thereof he was entitled to recover, whether he could have enjoined the city from proceeding with such improvements or not; or even if it be conceded that he could not have enjoined the construction of such improvements. City of Wichita Falls v. Mauldin (Tex.Com.App.) 39 S.W.(2d) 859; City of Brady v. Cox (Tex.Civ.App.) 48 S.W.(2d) 511; City of Corpus Christi v. Johnson (Tex.Civ.App.) 54 S.W.(2d) 865. And included in such damages would be the destruction of the rose bed, placed beyond his sidewalk. Blair v. Waldo (Tex.Civ. App.) 245 S.W. 987; 39 Tex.Jur. § 46, p. 575. Clearly the city would be estopped to assert as a defense that it could destroy the original improvements of the owner without compensation, on the ground that part of same had been placed within the lines of the street, when the city had theretofore required him to so locate same at his own expense, instead of placing same on the street line where he sought to place them.

There being no controversy that appellee's property was damaged, nor as to the amount found by the trial court, the judgment of the trial court is affirmed.

Affirmed.