of Traders in refusing to settle the Harper suit.

It is ordered that the judgments of the Court of Civil Appeals and district court be both set aside and held for naught, and judgment is here rendered as follows:

(1) It is ordered that Hicks recover of and from Employers the sum of $2,717.91, with interest thereon from January 15, 1941, the date it paid said sum on the J. W. Harper judgment.

(2) It is ordered that Hicks take nothing against Traders.

(3) It is ordered that Traders take nothing against Employers.

(4) It is ordered that Employers take nothing against Traders.

(5) It is ordered that the costs in all courts be paid by the respective parties to this suit in the following proportions:

(a) Hicks shall pay 10 per cent.

(b) Traders shall pay 20 per cent.

(c) Employers shall pay 70 per cent.

(6) Except as above adjudged, it is ordered that no party to this suit shall recover anything against any other party.

**CITY OF FORT WORTH et al. v. GILLILAND et al.**

No. 2456—8026.

Commission of Appeals of Texas, Section A.

March 3, 1943.

Rehearing Denied March 31, 1943.

Gerald C. Mann, Atty. Gen., and Richard H. Cocke, Asst. Atty. Gen., for Highway Commission.

R. E. Rouer, City Atty. and R. B. Young, Jr., Asst. City Atty., both of Fort Worth, for the City.

Goree & Rice, Cal Estill, A. B. Culbertson, Clay Cooke, and R. M. Rowland, all of Fort Worth, for appellee.

HARVEY, Judge.

This is a suit for injunction, instituted in the District Court of Tarrant County by T. B. Gilliland and seven other residents of the City of Fort Worth, all of whom will be hereinafter called "Plaintiffs", against the City of Fort Worth and the constituent members of the Highway Commission of Texas, all of whom will be hereinafter called "Defendants". The sole object of the suit is to restrain defend-

ants, permanently, from carrying out their design to construct certain street improvements on Hemphill street in Fort Worth. The insufficiency of the plaintiffs' petition to show a cause of action against any defendant was duly pointed out by the defendants, by exception as prescribed in Practice Rule 90, for district and county courts. The exception was sustained by the trial court and judgment was entered dismissing the suit. The Court of Civil Appeals has reversed the judgment of the trial court and remanded the cause. The defendants have been granted the writ of error.

The two principal questions presented for decision by us are, first, whether or not the action of the trial court in sustaining the exception to the plaintiffs' petition is erroneous; and, second, whether or not the trial court committed error in dismissing the suit. We shall take up the first question at this point, and temporarily lay aside the other question. A proper determination of this question requires an inquiry into the facts averred in the petition which bear on the nature of the right, which is possessed by the plaintiffs, in relation to existing street improvements on Hemphill street. These facts are substantially as follows:

In the year 1902, the section of Hemphill street involved in this controversy was,—and has been ever since,—a public way, 80 feet in width, under the dominion and control of the City of Fort Worth. In the year named, the city passed an ordinance requiring all the owners of lots which abutted the street (among whom were these plaintiffs) "to set all curbings on Hemphill street at the uniform distance of 20 feet from their property line, and were commanded to construct a sidewalk at least 5 feet in width at some point inside the curb, and were further commanded to fill the spaces between the curb and sidewalk, and between the sidewalk and property line with suitable material, and were commanded and instructed to set such spaces in grass and plant the same with ornamental trees and shrubs." In February, 1904, the city passed another ordinance, in pursuance of which the pavement theretofore laid was increased in width to 45 feet, and the abutting property owners were required to build new curbing to correspond.

Each of the plaintiffs complied with the requirements of these ordinances, and expended large sums of money in doing so;

that is to say, each of them constructed in the street a curb and sidewalk as prescribed in the ordinances, and planted in the street grasses, shrubs and trees in accordance with the requirements of these ordinances. The design of the defendants is to destroy all these improvements made by the plaintiffs; construct a new pavement 54 feet wide along the middle of the street; and, among other improvements, to construct new curbs a distance of 13 feet from either side of the street.

■ It is clear to us that the foregoing facts do not disclose a private right invested in any of the plaintiffs, in relation to the street or to any of the improvements in the street. Whatever right any of them has in this respect is a public right which is common to every member of the general public. No use of the street by any of the plaintiffs, can ripen into a private right by lapse of time, or by reason of the fact that they contributed as they did to the making of improvements in the street. J. M. Radford Grocery Co. v. City of Abilene, Tex.Com.App., 34 S.W.2d 830; City of Marshall v. Allen, Tex.Civ.App., 115 S.W. 849; Jones v. City of Houston, Tex.Civ.App., 188 S.W. 688; Bowers v. City of Taylor, Tex.Com.App., 16 S.W.2d 520; Gillespie v. Fuller Construction Co., Tex.Civ.App., 66 S.W.2d 798. We conclude that the action of the trial court in sustaining the exception to the plaintiffs' petition is correct.

■ In reference to the other question, which relates to the action of the trial court in dismissing the suit, it becomes necessary to state briefly the relevant facts. They are as follows: The original petition was duly filed August 28, 1941. On September 10, 1941, the exception to said petition came on to be heard. After due hearing, the court sustained the exception, and the plaintiffs were duly granted leave to amend. On September 15, 1941, the plaintiffs filed their first amended original petition, and the defendants duly excepted to same, as in the first instance. On September 17, 1941, all parties appeared for hearing of said exception, which was duly heard and sustained. Thereupon the plaintiffs requested leave to amend their first amended original petition, which request was refused by the court, and judgment was entered dismissing the suit. It is from this dismissal judgment that this appeal is prosecuted. We have heretofore shown that the action of the trial judge in sus-

taining the exception to said amended original petition is correct. The reason assigned by the judge in refusing further leave to amend is to the effect that no reasonable probability appeared that a further amendment would disclose facts legally sufficient to sustain a cause of action for a permanent injunction. We are unable to discern that the action of the trial court is erroneous. The averments of said first amended petition, as we have heretofore shown, affirmatively disclose that no private right of any of the plaintiffs is in jeopardy.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is in all respects affirmed.

Opinion adopted by the Supreme Court.