## HOLCOMB v. CITY OF FORT WORTH.

### No. 14562.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 22, 1943.

Rehearing Denied Nov. 26, 1943.

R. M. Rowland, of Fort Worth, for appellant.

R. E. Rouer and Heard L. Floore, both of Fort Worth, for appellee.

SPEER, Justice.

Plaintiff E. H. Holcomb instituted this suit to recover damages from defendant City of Fort Worth, a municipal corporation, growing out of the alleged wrongful destruction of his trees, shrubs, grass, etc., in the parkway situated between his property line and the paved portion of Hemphill Street in said City.

By plaintiff's petition it is disclosed that said Hemphill Street was originally laid out and dedicated as being 80 feet wide; that residence lots were platted and sold fronting thereon; that plaintiff, through his predecessors in title, is the owner of a lot facing Hemphill Street; that upon that lot is situated his homestead, consisting of an eight-room house and other valuable improvements; that prior to 1902, defendant had paved a trafficway in said street 40 to 45 feet wide and ordered property owners to erect suitable curbs between said paved portion and the remainder of said footage lying between the pavement and the property lines and that said space should be filled with soil and beautified. That in 1904, another ordinance was passed apparently widening said trafficway; that plaintiff's predecessors in title complied with the order of the defendant and planted five shade trees, shrubs, grass and ornamental flowers in said parkway; that all said trees, grass and shrubs materially benefited plaintiff's home and enhanced its value.

Further allegations are made that on or about November 25, 1941, the defendant began the widening and repaving of Hemphill Street, so that the part used for vehicular traffic would be 54 feet wide, and in completing said project defendant took away from plaintiff approximately seven feet of land out of that part of the strip theretofore lying between plaintiff's original property line and the curb, as previously erected by plaintiff at the request of defendant; that in taking said seven feet of land, defendant also took and destroyed five beautiful shade trees, shrubbery and grass, theretofore planted and grown by plaintiff; that all said acts of defendant were without the consent and over the protest of plaintiff; and that defendant has failed and refused to compensate plaintiff for the damages thus sustained by him.

There are other allegations concerning the destruction by defendant of the concrete curbing and driveways built by plaintiff, but as we understand from the parties, these were rebuilt by defendant at the points where the widened street required same to be. Therefore, we think we need not further notice these items.

Defendant specially excepted to plaintiff's petition, substantially, because: (1) The petition showed upon its face that Hemphill Street was, under the dedication, 80 feet wide; that defendant has not appropriated any part of plaintiff's property, the only change made being to widen the vehicular traffic part to 54 feet, instead of from 40 to 45 feet (the former width of pavement varying at different points). (2) Because the petition nowhere alleges that any portion of said street was dedicated to any other purpose than that to be used for street purposes, nor that defendant had abandoned any of its rights and privileges under the law to use the whole of said street for such public purposes as were required under all changing circumstances.

The special exceptions were sustained and the case dismissed. Plaintiff duly excepted, gave notice of and has perfected this appeal.

As we understand the contentions of plaintiff, they are: That since his fee title extended to the center of Hemphill Street, subject only to the easement for street purposes held by defendant, which easement included 40 feet, or one-half the width of the dedicated street of 80 feet, and since the ordinances of 1902 and 1904 required him to construct his curb at the edge of the then paved portion of the street and beautify that portion lying between his land line and the curb, and having done so by planting his trees and shrubs thereon, he acquired a property right in that portion of the ground, of such nature as entitled him to place his valuable improvements thereon and that defendant could not legally destroy his said improvements without compensating him therefor.

One phase of the situation out of which this suit grows has been before this court in Gilliland et al. v. City of Fort Worth et al., Tex.Civ.App., 162 S.W.2d 1000. Plaintiff in this case was one of the relators in the Gilliland case. Injunctive re-

lief was sought in that case to restrain the City from doing the things it now is charged with having done, viz., widening the paved part of the street and thus destroying plaintiff's trees, shrubs and grass. In the Gilliland case, supra, all members of this court agreed that the trial court properly sustained the special exceptions to the petition; but that because of the prayer for general and special relief and under the circumstances which existed at the time the matter was before us, the majority held that the cause should be remanded to enable relators to amend and seek the damages they had apparently sustained. Chief Justice McDonald dissented from the majority opinion remanding the case, substantially upon the ground that the matter of damages sustained, if any, was not before us.

In the trial court the Gilliland case was determined upon the special exceptions to the petition; the exceptions were sustained and relators were denied the right to amend; just what their proposed amendment would have been was not disclosed; but the trial court held that they had an adequate remedy at law. It may fairly be inferred from both the trial court judgment and the majority opinion by us that it was believed that under all the alleged facts and circumstances, relators had acquired such a property right in that portion of the originally dedicated 80 feet in the street not occupied by the pavement and upon which their trees and shrubs stood, defendant City could not take and appropriate said improvements placed thereon without compensation to relators. The majority opinion does not reflect all of the matters that were apparent to this court when the appeal was presented; some matters were disclosed by oral argument of the parties. In plaintiff's brief in the instant case, he comments upon the holding of the majority in this language: "On appeal (of the Gilliland case) the majority of the Court of Civil Appeals thought that the case should be reversed and remanded with instructions to the district judge to reinstate the case on his docket and allow the plaintiffs to amend and claim their damages, the threatened injury having become an actual injury while the appeal was pending."

Upon application by the City a writ of error was granted to this court and upon a hearing the Supreme Court reversed the judgment of the majority opinion by this court and affirmed the judgment of the trial court. City of Fort Worth v. Gilliland et al., 140 Tex. 616, 169 S.W.2d 149, 150. The relators (plaintiff here being one of them) sought injunctive relief upon substantially the same alleged facts as those upon which plaintiff now seeks to recover damages or affirmative relief, since the alleged threatened wrongs have been executed.

In the opinion of the Supreme Court in the Gilliland case, the court said: "It is clear to us that the foregoing facts do not disclose a private right invested in any of the plaintiffs [including plaintiff here], in relation to the street or to any of the improvements in the street. Whatever right any of them has in this respect is a public right which is common to every member of the general public. No use of the street by any of the plaintiffs, can ripen into a private right by lapse of time, or by reason of the fact that they contributed as they did to the making of improvements in the street." (Citing authorities.) The court concluded that there was no error in sustaining the exceptions to plaintiffs' petition. Commenting further the court said: "The averments of said first amended petition, as we have heretofore shown, affirmatively disclose that no private right of any of the plaintiffs is in jeopardy."

It is earnestly contended by plaintiff in the instant case that the above expressions quoted from the Supreme Court's opinion is dictum and not at all necessary to a disposition of the question before it. In this we do not concur. This court had reversed the judgment of the trial court, indicating that relators should have their case reinstated and be permitted to amend and seek recovery of the damages sustained, as we then understood the facts and circumstances—the alleged threatened injuries had been done and performed by the City and that to enjoin the City from doing something it had already done would be futile. The Supreme Court was considering the majority opinion of the Court of Civil Appeals and it appears to us that the quoted portion of the opinion of the Supreme Court is a direct reply to our holding and is the court's reason for having reversed the majority opinion. We believe the Supreme Court had the entire picture in mind when it spoke thus, so plainly. It is our duty to follow the decisions of our court of last resort.

■ In support of his right of recovery in this case, plaintiff cites and relies upon such authorities as Blair v. Waldo, Tex. Civ.App., 245 S.W. 986, City of San Angelo v. Neilon, Tex.Civ.App., 104 S.W.2d 895, Southwestern Telegraph & Telephone Co. v. Smithdeal, Tex.Civ.App., 124 S.W. 627; Id., 104 Tex. 258, 136 S.W. 1049 (both by Supreme Court), and Texas Constitution, Art. 1, sect. 17, Vernon's Ann.St. The first two cited cases were by our Courts of Civil Appeals and apparently were based upon the holding in Smithdeal case, supra, by the Supreme Court. It will be observed that in reaching the conclusions expressed in the majority opinion in the Gilliland case (Tex.Civ.App., 162 S.W. 2d 1000–1002) we cited in support of our decision the Smithdeal case, supra. It is obvious to us that the Supreme Court had those authorities before it and considered them in reversing the majority opinion, for the reasons stated by the court and quoted by us above from that opinion, 140 Tex. 616, 169 S.W.2d 149. It must follow that if, as stated by the Supreme Court in the last-cited case, plaintiff had no property rights in the grounds and improvements placed thereon by him, there was no unlawful taking without compensation by the City, in violation of the cited constitutional provision.

In view of what we have said, we overrule the point of error complaining of the action of the trial court in sustaining the special exceptions to plaintiff's petition, and order that the judgment below be affirmed. This will be done.

Affirmed.