**CITY OF AMARILLO, Appellant,**

v.

**Johnny GRAY & S. G. Stockton, d/b/a
Stockton Construction Company,
Appellees.**

No. 6667.

Court of Civil Appeals of Texas.

Amarillo.

June 17, 1957.

Rehearing Denied Sept. 9, 1957.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Sanders, Scott, Saunders & Smith, Culton, Morgan, Britain & White, Amarillo, for appellees.

CHAPMAN, Justice.

The able motion for rehearing filed by appellant, City of Amarillo, has convinced us there are certain inaccuracies in the opinion heretofore announced in this case. We therefore, withdraw the original opinion and substitute the following in lieu thereof as the majority opinion of this court.

On April 20, 1956, appellee Gray, plaintiff below, sued the City of Amarillo, appellant herein, for damages to his cinder block, one story business building 40 x 80 feet located on Lot 7, in Block 27, Crowdus & Starkey Addition to the City of Amarillo, Texas, alleging said damages proximately resulted from the digging of a sewerage ditch down Lipscomb Street alongside Gray's building by S. G. Stockton Construction Company under a contract with said city to do so.

Appellant, city, denied liability but in the alternative pleaded over and against the said contractor under what appellant refers to as contractor's "hold harmless agreement."

The case was tried to a jury. The court below, after Gray and the City of Amarillo rested their cases, sustained the contractor's motion for an instructed verdict but submitted Gray's case against the city to the jury on the following special issues:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that the digging of the sewer ditch in question resulted in any loss of lateral support to plaintiff's building?

"Special Issue No. 2.

"Do you find from a preponderance of the evidence that the damage to plaintiff's building, if any, was proximately caused by the loss of such lateral support?

"Answer Yes or No.

"Special Issue No. 3.

"What amount of money, if any, if paid now in cash, do you find will reasonably compensate plaintiff for the damage, if any, to his building, proximately caused by the digging of such ditch? Answer in terms of Dollars and Cents, if any."

To the first two issues the jury answered "Yes" and to the third issue it answered "$7,000.00."

From the answers to said issues the court below rendered judgment for Gray against the city of Amarillo for $7,000 and against the city on its alternative plea over and against the contractor, S. G. Stockton Construction Company. From this judgment the appellant, City of Amarillo, has duly perfected its appeal to this court.

On February 25, 1947, appellant entered into a contract with Freese & Nichols, an

engineering firm to design and engineer a sewerage system for the City of Amarillo. Subsequently thereto, on October 10, 1952, appellant entered into a contract with S. G. Stockton d/b/a S. G. Stockton Construction Company to construct said sewerage line.

. In January or February, 1953, the ditch for the sewerage line was dug by the contractor, and where it was opened in Lipscomb Street alongside Gray's building it was dug to a depth of 28 or 28½ feet. The record does not show the width of the ditch. The distance from the west side of the building to the ditch was approximately 24 or 25 feet.

While the ditch was open a cave-in occurred opposite Gray's building for a distance of approximately 70 feet and extending on the surface toward the west side of the building as far as the edge of the curb and gutter in said street alongside the building. The record does not show the condition of the cave-in at the lower depths of the ditch.

Appellee's building was completed in September 1950. A four-foot wide sidewalk ran alongside said building on the west and tied into a 15-foot drive-in concrete parking apron that ran from the sidewalk to the curb and gutter on the east side of Lipscomb Street. About a month and a half after the cave-in of the sewerage ditch in Lipscomb Street west of the building, the parking apron separated and pulled west, away from the sidewalk.

In his pleadings appellee Gray invoked Article 1, Section 17 of the Constitution of the State of Texas, Vernon's Ann.St., the material part hereto being as follows:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person."

Appellee also alleged various grounds of negligence, alleged that approximately 20 to 24 months after the ditch was covered he noticed a crack and cleavage in the west wall of his building, which grew larger and became a separation of the wall from the building and that said damage was caused by the digging of the said ditch by the city, its contractors, agents or employees.

City of Amarillo denied the work on the ditch was carried on by its servants, agents, and/or employees, alleged that the engineering and plans for the construction were performed by an independent contractor, Freese and Nichols and that the actual work was done by the construction company above named. They also pleaded that any connection the city had with the transaction was in the performance of a governmental function, for which it was not liable. They pleaded the two years' statute of limitation, Vernon's Ann.Civ.St. art. 5526; that any damage Gray sustained was proximately caused by his own negligence and then pleaded that under the terms of the contract between the city and the construction company the contractor obligated himself to perform the work in such manner as not to cause damage to adjacent owners; and in said contract obligated and bound himself to save the city of Amarillo harmless from any damages or claims for damages to adjacent land and structures thereon.

The third party defendant, the construction company denied the allegations of the city against it, pleaded the two-years' statute of limitation; said that any deterioration of the building in question existed prior to the construction of the sewer main and that if any damage to the building resulted from any loss of lateral support in connection with the construction operations it was because the plans of the city required the sewer line to be at a depth of 28 feet in the street adjoining the building in question.

Appellant, city, insists the case was tried on the common law doctrine of recovery of damages for loss of lateral support and that Gray, therefore, was under the legal

obligation of proving, submitting and securing findings of negligence on the part of appellant. In support of its argument, City of Amarillo quotes in its brief from the statement of facts wherein the judge of the court below said:

"* * * and the court finds as a matter of law there is no testimony in this case involving the issue of negligence. It is solely a question, as I see it, of the right of lateral support, or the taking of land of an adjacent owner by removing lateral support, * * * provided the jury find they did so take it. There is considerable controversy here as to whether the excavation did affect the lateral support to said property, and that is a jury issue; and certainly there is an issue as to the amount of damages to be submitted to the jury; but I am of the opinion that granting of easement for streets, etc. does not include the right to dig sewer ditches 25 to 30 feet deep on it; * * *."

Gray insists just as vigorously that the Texas Constitution, Article 1, Section 17, gave him the right to recovery for damages to his building because of absolute liability on the part of the city regardless of negligence, and that the loss of lateral support was only the means or instance that led to the damage sustained.

As shown above, the trial court submitted the case on the question of lateral support but took the position that the case was not one of negligence. As we indicated in our original opinion, the absolute right to the lateral support of adjoining land without regard to the question of due care or negligence is limited to the soil itself and does not apply to buildings. Therefore, if Gray's right to recovery for damages to his building was dependent upon the law applicable to loss of lateral support or if he sought recovery in tort, he would have had to plead, prove and secure a finding of negligence. Simon v. Nance, 45 Tex.Civ.App. 480, 100 S.W. 1038; McDaniel

Brothers v. Wilson, Tex.Civ.App., 45 S.W. 2d 293. If he was entitled to recovery under Article 1, Section 17 of the Constitution of Texas, under the law of *absolute liability* then failure of the court below to submit the case on negligence was not error. Because of the apparent conflicts in some of our Texas cases having to do with whether recovery under Article 1, Section 17 of our constitution is dependent upon an existing legal common law theory of recovery before an action will lie under the constitution, we deem it necessary to review briefly the history of said article and section and some of the cases cited under it applicable hereto.

Prior to 1876, our state constitution allowed compensation for "taking" but not for "damaging or destroying." As our state government and its political subdivisions grew and their operation became more extensive the harshness of the law which did not allow compensation for property "damaged or destroyed" for public use became apparent. Thus, the constitution of 1876 added to the words "taken" the words "damaged or destroyed" making the section read:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation * * *."

Since the above addition to the constitution many cases have been decided by the courts construing same. From our investigation and from all the cases cited to us by all parties hereto the case nearest in point to the facts of the instant case is that of Blair v. Waldo, Tex.Civ.App., 245 S.W. 986, 987. In that case the City of Houston contracted with Waldo to construct a sanitary sewer along Leland Avenue in front of Blair's house. In doing so Waldo destroyed a number of Live Oak trees growing on the sidewalk in front of Blair's property but outside of his property line. The Court of Civil Appeals of Galveston denied Blair the right of recovery on the ground he sued Waldo instead of

the City of Houston but in doing so the court said:

"Our Constitution not only prohibits the taking and destruction of a person's property for the public use without compensation, but also prohibits the damaging of such property without compensation. The liability for such damages, so created, does not depend upon being the result of negligence, but the owner has the absolute right to compensation for damage done to his property, unless he has consented thereto. Cooper v. Dallas, 83 Tex. 239, 18 S.W. 565, 29 Am.St.Rep. 645; City of Fort Worth v. Howard, 3 Tex. Civ.App. 537, 22 S.W. 1059.

"If the sewer complained of in the instant case could not be constructed, however compelling the necessity for it, without doing injury to the property of a citizen, it could nevertheless be rightfully constructed; but in such event the city, the aggregate of citizens, must stand the damages incurred by its construction, and such aggregation is bound by constitutional provisions to compensate the injured citizen for the damages he has suffered by reason of the premises. This is the law as it has been declared by all the courts of Texas, and as it should be. Brewster v. City of Forney (Tex. Com.App.) 223 S.W. 175.

"In the case last cited, which has the approval of the Supreme Court, it is said:

" 'The Constitution of Texas and the decisions of her courts reveal a zealous regard for the rights of the individual citizen. Not only will they not permit his property to be "taken" for a public use without compensation, but will not permit it to be damaged unless the citizen is compensated to the extent of such damage. To hold otherwise would be to put upon one citizen a burden which should rest upon the aggregate citizenship, as the direct beneficiary of the public work, the construction and operation of which has damaged the property of one citizen.' "

It is urged by appellant that the case of Holcomb v. City of Fort Worth, Tex.Civ. App., 175 S.W.2d 427, 430, overruled the holding in Blair v. Waldo. This is true but we respectfully call appellant's attention to the fact that the Holcomb case was decided on an altogether different point to the one under consideration. The Holcomb case only held that a property owner who had planted trees and shrubs in the space between the pavement in the street and the property line would not have a cause of action against the city for destroying the trees and shrubs because the individual had no such property rights in that part of the street where the vegetation was growing as to entitle it to a cause of action under the Constitution. It nowhere repudiated the holding in the case of Blair v. Waldo concerning the right of an individual to maintain a cause of action under Article 1, Section 17 of the Constitution without alleging negligence. Judge Speer, speaking for the court said:

"It must follow that *if*, as stated by the Supreme Court in the last-cited case, (meaning the Gilliland case cited in the opinion) *plaintiff had no property rights in the grounds and improvements placed thereon by him, there was no unlawful taking* without compensation by the City, in violation of the cited constitutional provision." (Emphasis added.)

Many cases in the Texas courts have held that recovery may be had under Article 1, Section 17, of our constitution for damages to property through diversion of flood waters from their natural drainage and the recovery does not depend upon negligence but absolute liability prevails. One example of such holding is State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736. The Supreme Court of Texas speaking through Judge Sharp said:

"The language used in Section 17 of Article 1 of the Constitution, supra, which says that no person's property shall be taken or damaged for public use without adequate compensation being made, has no exceptions or limitations attached thereto. It is a clear, definite statement of the rule which prevails in this State, which controls all the departments of the State government; and the liability for adequate compensation for private property taken or damaged for public use is not based upon the ground that the act of taking or damaging such property was done negligently or intentionally. * * * *"

Some of our Texas cases in their opinions have given reasons that seem to justify such statements as those above quoted from Blair v. Waldo and State v. Hale, supra. For example the Supreme Court of Texas in Fort Worth Improvement Dist. No. 1 v. City of Ft. Worth, 106 Tex. 148, 158 S.W. 164, at page 168, 48 L.R.A.,N.S., 994, syl. 7, has said:

"In the construction of legally authorized public works, it is inevitable that benefits will accrue to the property of some persons and injury result to that of others. If the injury that thus results from the improvement be only of such nature as is suffered from that cause in common with other property in the same community or section, the damages thus accruing are deemed merely consequential, and no right of action exists. In such cases, it is not considered that the property is 'damaged' within the contemplation of the constitutional provision, and the right to compensation is denied. If, however, a public work is constructed which inflicts an injury peculiar to certain property not suffered in common with other property in the community or section, then such property is 'damaged' within the meaning of the Constitution, and the law will not permit the infliction of such injury without the allowance of just compensation."

With pronouncements such as those above it is understandable why a court might consider the instant case as one not embodying negligence, and it is understandable why the appellee insists that the City of Amarillo is liable under the constitution itself.

Appellant, City of Amarillo, in its reply brief and in its motion for rehearing has relied heavily upon the case of Trinity & S. Ry. Co. v. Meadows, 73 Tex. 32, 11 S.W. 145, 146, and Southwestern Public Service Co. v. Moore, 119 Tex. 391, 29 S.W.2d 329. The Supreme Court in the Meadows case said:

"We do not understand that it was intended [meaning Article 1, Section 17 of the Constitution] to give an action against those constructing public works, for acts which if done by persons in pursuit of a private enterprise would not have been actionable."

In the case of Southwestern Public Service Co. v. Moore, supra, [119 Tex. 391, 29 S.W.2d 333] the Commission of Appeals speaking through Judge Leddy said:

"The constitutional provision that one's property cannot be damaged or injured for public use without compensation must be construed in the light of the state of the common law at the time such provision was adopted."

Both of these cases are instances of property "damaged" for the benefit of private corporations as distinguished from the case at bar, "damaged" for the benefit of the aggregate of the citizenship of the City of Amarillo. Still, they announced a rule of law that seems to have been followed in cases where compensation was sought for property damaged or destroyed in enterprises for the benefit of the public as a whole.

In the case of City of Brady v. Cox, 48 S.W.2d 511, 513, the Court of Civil Appeals

of Austin held that a municipality taking or damaging property in improving a street is liable for resulting damages to abutting property though not negligent in executing the plan, but the case was one for diverting flood waters, which has constituted a cause of action at common law since the famous English rule known as the Fletcher v. Rylands Rule and has been incorporated into our statutory law in Texas. The case of City of Brady v. Cox, supra, was a case of improvement of a street for the benefit of the people, the aggregate of the citizenship of the town. Judge Blair, speaking for the Court of Civil Appeals of Austin said:

"The liability of a county or municipality for damages occasioned by the construction or improvement of a road or street, or from ditching or drainage of same, regardless of negligence in the execution of the plan or method adopted for the construction or improvement, is based, *first, upon the State Constitution; and, second, upon the common law of England as adopted by Texas court decisions.*" (Emphasis added.)

■ Thus, we conclude the courts have adopted the same rule where property is damaged or destroyed for the benefit of the aggregate of the citizenship of municipal corporations as they have where it is damaged or destroyed for private corporations such as in the cases of Trinity & S. Ry. Co. v. Meadows and Southwestern Public Service Co. v. Moore, supra.

The Austin Court of Civil Appeals in the City of Temple v. Mitchell, 180 S.W.2d 959, 962, Judge McClendon speaking said:

. " * * * it is now firmly established in this State that where land is injured by the establishment and maintenance of public works, under circumstances which, if done in private enterprise, would constitute an actionable wrong, recovery may be had under the above

Art. 1, § 17 of our Constitution providing that 'no person's property shall be * * * damaged * * * for * * * public use without adequate compensation being made, except by the consent of such person.' "

The Supreme Court of Texas in State v. Brewer, 141 Tex. 1, 169 S.W.2d 468, 471, has said in quoting from Texas Jurisprudence:

" * * * 'To give a right of redress there must not only be an injury or loss but it must have been occasioned by the commission of a legal wrong, that is, violation of legal right and a breach of legal duty.' "

Cases in other jurisdictions outside of Texas with provisions in their constitutions similiar to our Article 1, Section 17 have followed the same pattern of reasoning in construing such provisions. Stuhl v. Great Northern Ry. Co., 136 Minn. 158, 161 N.W. 501, L.R.A.1917D, 317; Austin v. Augusta T. Ry. Co., 108 Ga. 671, 34 S.E. 852, 47 L.R.A. 755; Jordan v. City of Benwood, 42 W.Va. 312, 26 S.E. 266, 36 L.R.A. 519; Pennsylvania R. Co. v. Marchant, 119 Pa. 541, 13 A. 690.

■ Thus, it appears that Gray in this case would not have a cause of action against the city under our constitution unless a private individual would have been *absolutely* liable under the same set of facts and the same type submission. Of course, a natural person would have been liable only under the common law of Texas for negligence in the causing of the damage. The case having been submitted on a different theory will have to be reversed, but in view of another trial we feel other questions raised should be passed on.

Appellant, City of Amarillo, insists this case will have to be reversed and rendered because this court in the original opinion held that the common law doctrine of *absolute* liability for the removal of lateral support is limited to the soil itself. We

think this is a correct statement of the law but it does not mean that the City of Amarillo, or any other institution or individual could dig a ditch 28 feet deep alongside one's building if in doing so they were negligent in their methods and such negligence proximately resulted in damages to such building.

Appellant also insists the city, in the digging of the ditch in question was not liable for any damages to Gray's building because they were in the performance of a governmental function. The only case they cite in support of this assignment is Bowie v. City of Houston, Tex.Civ.App., 259 S.W.2d 765. We respectfully submit that case was an action brought by an employee of the City of Houston against the city for personal injuries sustained while working as an employee of the city, is not in point on our case and had nothing whatever to do with a cause of action under the Constitution.

The Court of Civil Appeals at Austin in City of Austin v. Howard, 158 S.W.2d 556, 558, has held:

"That a city was acting in a governmental capacity and erected a sewerage disposal plant to preserve and protect public health of its inhabitants was immaterial in determining liability of city for damages caused to plaintiff's land and nursery stock * * *."

■■ Though the case of City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57, was a case concerned with construction of a storm sewer, a *proprietary* function and not a *sanitary* sewer, as in our case, it nevertheless is authority for the proposition that the exemption of a governmental agency from liability pertains only to those acts or functions which are performed as the agent of the state in furtherance of general law for the interest of the public at large, as distinguished from those acts and functions intended primarily for the benefit of those within the corporate limits of a municipality. The last two assignments discussed are overruled.

■ In its fourth assignment of error appellant says:

"The Court erred in rendering judgment in favor of the plaintiff against the defendant because the whole of the proof shows that if plaintiff ever had any cause of action (which is not admitted but denied) that the same is barred by the statute of limitations applicable thereto."

Gray testified that a separation between the sidewalk next to his building and the parking apron it tied into appeared about a month and a half after the cave-in but that he was not asking for any damages for that. He further testified there were not any cracks in the west wall of his building prior to the time the ditch was dug, that about a year and a half before the trial of this case he discovered the west wall was pulling away from a partition wall that tied into it and letting light in a dark room they used in their photography business and that was the first time he noticed something was happening to the building. He testified he then made further investigation and discovered the west wall foundation was moving away from the floor toward where the ditch had been dug. He also testified to extensive damage that continued to develop to the building as a gradual process.

The legal question presented here is whether limitation ran from the time of the digging of the ditch or at the time the damages were sustained.

The holding in the case of Baker v. City of Fort Worth, 146 Tex. 600, 210 S.W.2d 564, 565, 5 A.L.R.2d 297, is decisive of this question. In that case the city of Fort Worth erected a bridge, its approaches and embankments, across Clear Fork of the Trinity River. Baker sued the city on allegations that the improvement obstructed and diverted the natural flow of the water

so as to over-flow his property and damage his flowers, nursery stock, office records, assorted merchandise and miscellaneous equipment. The Court of Civil Appeals of Fort Worth held that limitation had run in the cause of action, basing its opinion in part upon the fact that in April 1942 there was a small flood which overflowed petitioner's premises and inflicted some slight damage to his property. However, the injury then suffered was so negligible that petitioner did not file a claim for reimbursement, just as Gray did not file a claim in this case for the separation of the concrete apron from the sidewalk. The Court of Civil Appeals further held that if limitation did not begin to run at the time of the completion of the bridge in 1937 a continuing cause of action at least arose in April 1942. The Supreme Court of Texas speaking through Judge Folley reversed the Court of Civil Appeals and in doing so said:

"The law governing limitation of such actions as this was announced by this court in the early case of Austin & N. W. Ry. Co. v. Anderson, 79 Tex. 427, 15 S.W. 484 * * *. In almost an exact factual situation as here involved, this court, in sustaining the action of the trial court in overruling the plea of limitation, said:

" 'The question is, when did the cause of action accrue,—at the time of the erection of the embankment and culverts, or at the date of the injury? Chief Justice Stayton, in the case of Houston Water Works v. Kennedy, 70 Tex. 233, 8 S.W. 36, discusses the question, and gives us a rule. He says: "When the act is in itself lawful as to the person who bases an action on injuries subsequently accruing and consequent upon the act, it is held that the cause of action does not accrue until the injury is sustained." ' "

In City of Houston v. Parr, Tex.Civ.App., 47 S.W. 393, the court held that the statute of limitations does not commence to run at the date of construction of a ditch by a city against action for damages to property by reason thereof, so as to bar recovery for damages thereafter occasioned, where the property was not directly invaded, but the ditch was constructed where the city had a right to construct it.

Though the case of Simon v. Nance, 45 Tex.Civ.App. 480, 100 S.W. 1038, 1041, is a suit for damages in a common law action for loss of lateral support to land the question of limitation raised would have the same application as the case at bar. In the case just cited the court said:

"We are of opinion limitation ran only from the time the injury was done, and not from the time the ditch was originally constructed, and that the plaintiff's cause of action was not barred by limitation or prescription."

The cases cited by appellant in support of its plea of limitation are cases of direct invasion and are all distinguishable on the facts to the case we have under consideration. The principal cases the city relies on are Houston Water Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36 and Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336. The Kennedy case was one involving a direct invasion of plaintiff's property by the cutting of an arch of plaintiff's house in placing a water-pipe in the building. The Fromme case was for permitting water containing harmful chemicals to flow upon and across plaintiff's land. The court properly held in the Kennedy case that plaintiff could have maintained an action at once when the arch was cut, and having failed to do so for more than two years the action was barred. Both of these cases are of direct invasion and not applicable to the case at bar. We do not believe the statute begins to run at the date of construction of a ditch by a city where the property was not directly invaded when the ditch was constructed where the city had a right to construct it. So appellant's fourth assignment is overruled.

In its fifth assignment appellant contends the court below was in error in directing a verdict for the construction company and yet not directing a verdict in favor of the City of Amarillo because if the city was liable on any theory it was because of some act or acts on the part of the construction company.

The city manager, N. V. Moss, testified as follows:

"Q. To whom did you let the contract? A. To the Stockton Construction Company.

"Q. Did they construct the sewer line or pipe line down Lipscomb Street? A. Yes, Sir.

"Q. Did you have plans and specifications for that? A. We did have.

"Q. Did you put those plans and specifications out for bids? A. We did.

"Q. And the bid of Stockton Construction Company was accepted? A. That is right.

"Q. Did they construct that sewer line in accordance with your plans and specifications? A. As far as I know, yes sir."

■ Contractors are not liable for damages to abutting property resulting from digging a ditch, for laying water or sewer main pipes, where work is done under a direct contract with the city and under supervision of city's engineer and with his approval. Swilling v. Knight, Tex.Civ.App., 205 S.W.2d 421.

■ It is also clear that under the laws of our state a contractor, in constructing a drain or sewer or making other public improvements for a municipality under its supervision and control is not liable for injuries resulting to adjoining property, unless the work is improperly or negligently performed. Austin Road Co. v. Anderson, Tex.Civ.App., 211 S.W.2d 765; Glade v. Dietert, Tex., 295 S.W.2d 642.

Having read the statement of facts carefully and finding no evidence that would support any basis of recovery by the city against the third party defendant, it is the holding of this court that the court below properly instructed a verdict in favor of the third party defendant, Stockton Construction Company, and as to said company the case is affirmed. As between Gray and the City of Amarillo the case is reversed and remanded for a new trial.

NORTHCUTT, Justice (dissenting).

I cannot agree with the majority opinion herein where it is stated: "Thus, it appears that Gray in this case would not have a cause of action against the city under our constitution unless a private individual would have been absolutely liable under the same set of facts and the same type [of] submission. Of course, a natural person would have been liable only under the common law of Texas for negligence in the causing of the damage. The case having been submitted on a different theory will have to be reversed, but in view of another trial we feel other questions raised should be passed on."

I probably would have submitted the case to the jury in a different manner than was submitted; but under the state of this record, if appellee's property was damaged it was damaged by the cave-in, and naturally there would have been no cave-in if the ditch had not been dug. Since the jury found the damage to appellee's building was proximately caused by the loss of such lateral support, I think that could only be construed as finding that the damage was caused by the digging of the ditch.

The question here involved, as presented by the two parties, is whether it was necessary for appellee to plead and prove negligence on the part of the city. The appellee contends that regardless of the question of negligence, where the property of appellee was damaged as found by the jury, the city would be liable under Article 1, Section 17

of the Texas Constitution. The appellant contends that appellee was under the legal obligation of proving, submitting and securing findings of negligence on the part of the city.

That part of the provision of the constitution involved herein provides:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; * * *"

Surely it cannot be successfully contended that the city could take appellee's property without adequate compensation without showing the city was guilty of negligence in the taking of said property. This damage was not such as to be considered common to the community in general but was special to the appellee. There is nothing in the constitution making any distinctions between the words taken, damaged or destroyed so as to require negligence for damaging and not negligence in taking. There can be no question but what the city intentionally dug, or had dug, the ditch in question in the exercise of its lawful authority, and I do not think there could be any reasonable conclusion reached under the finding of the jury other than that the city damaged appellee's property by the digging of the ditch.

I think the Supreme Court correctly settled this point in the case of State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736, where Judge Sharp speaking for the court said:

"The language used in Section 17 of Article 1 of the Constitution, supra, which says that no person's property shall be taken or damaged for public use without adequate compensation being made, has no exceptions or limitations attached thereto. It is a clear, definite statement of the rule which prevails in this State, which controls all the departments of the State government; and the liability for adequate compensation for private prop-

erty taken or damaged for public use is not based upon the ground that the act of taking or damaging such property was done negligently or intentionally. The true test is, did the State intentionally perform certain acts in the exercise of its lawful authority to construct such highway for public use which resulted in the taking or damaging of plaintiffs' property, and which acts were the proximate cause of the taking or damaging of such property."

I think the judgment of the trial court should be affirmed.