

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 8, 1990

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-1241

Re: Authority of a county to trim, remove, or sell trees from county road rights-of-way (RQ-1970)

Dear Mr. Driscoll:

You ask three questions regarding Harris County's authority with respect to trees and shrubs growing within the rights-of-way of county roads. Your first question is:

> To what extent can the county trim, remove, sell or otherwise dispose of trees or shrubs from the right-of-way of county roads or prevent the planting of such trees and shrubs without being required to compensate owners of the fee upon which the right-of-way exists?

Counties under their authority to open and lay out roads may acquire the rights-of-way for such roads by dedication, purchase, condemnation, or prescriptive easement. See V.T.C.S. art. 6702-1, subch. A (the County Road and Bridge Act); 36 D. Brooks, County and Special District Law, §§ 40.7, 40.25 (Texas Practice 1989). Your question and brief indicate that you are concerned about the situation where the property interest the county has acquired in the right-of-way is in the nature of an easement, the fee interest being retained by the owner of the property abutting the right-of-way. See 43 Tex. Jur. 3d Highways § 116 (1985).

We caution at the outset that resolution of the issues presented in your first question might ultimately depend on the facts of the particular case -- e.g., the provisions of the conveyance, condemnation proceeding judgment, or dedication under which the county acquired the particular right-of-way in question. We cannot anticipate every factual

situation that might arise.   The following discussion of pertinent legal authority is offered for your guidance.

We think it is clear that the Harris County Commissioners Court in exercising a right-of-way easement generally has authority to prevent the planting of trees and shrubs within the right-of-way and to remove or cause to be removed trees or shrubs growing there, when the court makes a reasonable finding that the trees or shrubs would interfere with the right-of-way purposes for which the easement was obtained. See Harris County Road Law, §§ 1, 16, Special Laws, Acts 1913, 33d Leg., ch. 17, at 64 (Harris County Commissioners Court to have control of all roads laid out or constructed by the county and of all matters in connection with the construction or maintenance of such roads); id. § 12 (condemnation authority); id. § 33 (Harris County Road Law cumulative of other laws); V.T.C.S. art. 6702-1, § 2.002(b)(1) (under the County Road and Bridge Act, commissioners court may make and enforce all reasonable and necessary rules for the construction and maintenance of county roads except as prohibited by law); id. § 2.004 (condemnation authority).   We note, too, that where the trees or shrubs are determined to impair visibility for motorists using the county road in question, Harris County as one with a population of 950,000 or more has authority under subchapter F of article 6702-1, through its commissioners court, to define sight distances at intersections and to prohibit and provide for the removal of trees and shrubs obstructing such sight distances (presumably both within and without the area of the right-of-way).   In the absence of a showing of fraud or gross abuse of discretion, the commissioners court's determinations as to the need for removal of trees and shrubs in the right-of-way for right-of-way purposes would be conclusive. See, e.g., West Prod. Co. v. Penn, 131 S.W.2d 131 (Tex. Civ. App. - San Antonio 1939, writ ref'd).

As to whether the owner of the underlying fee in the right-of-way is entitled to compensation for removal of trees or shrubs from the right-of-way, though we note some possible inconsistencies among the Texas cases, we think that the cases dealing most directly with this question

indicate that the fee owner  generally has no right to  compensation.[1]

In a  decision  approved  by  the  supreme  court,  the Commission of Appeals  in City of  Fort Worth v.  Gilliland, 169 S.W.2d  149 (Tex.  Comm'n App.  1943, opinion  adopted), ruled that fee owners could  not enjoin the city's  destruction of curbs,  sidewalks, trees,  or shrubs  in the  street right-of-way, even  where those  improvements had  been  installed by the fee  owners in compliance  with a city  ordinance, when  the  city, the  right-of-way  easement  holder, later widened the street.  The  court stated that the  facts of the case did  "not disclose a  private right invested  in any of the plaintiffs in relation to the street or to any of the improvements in the street."  Id. at 150.

Subsequently, in  Holcomb v. City of  Fort Worth, 175 S.W.2d 427 (Tex. Civ.  App. - Fort  Worth 1943, writ  ref'd) one of the unsuccessful  Gilliland plaintiffs sued the  city for damages occasioned  by the city's  removal of the  trees and shrubs.  The Holcomb court, citing Gilliland, ruled that "the plaintiff had  no property  rights in  the grounds  and improvements placed  thereon  by him."  Id. at  430.   It affirmed the  trial  court's  sustaining  of  the  defendant city's position that there had been no showing that the city "had abandoned any  of its rights  and privileges under  the law to use the whole of said street for such public purposes as were required under all changing circumstances."  Id. at 428.

Where a right-of-way easement is acquired, by condemnation at least, the fee owner is presumed to have been  fully compensated at such  time for the  damages to his  property, including appurtenances such as trees, which will arise from

---

1.  Section 2.418 of article  6702-1 provides that  the commissioners  court  "shall  pay  the  owner  an  amount sufficient  to  cover  the  loss  of  the  value  of  the obstruction, if any, incurred by the owner by reason of  the removal" of obstructions to sight distances under subchapter F.  As the commissioners court's authority under  subchapter F is not  limited to  the area within  the right-of-way  but also extends to  land held in  fee outside the  right-of-way easement, we  do  not think  that  section 2.418  in  itself requires payment for removal of trees and shrubs within  the right-of-way easement.

the proper use of the easement. City of La Grange v. Pieratt, 175 S.W.2d 243 (Tex. 1943). Authorities even acknowledge that as the taking of an easement for road purposes by condemnation generally leaves the condemnee with little or no use of the right-of-way area, he is often entitled to damages equivalent to those he could have for the taking of the whole fee. See Thompson v. Janes, 251 S.W.2d 953 (Tex. 1952). While the fee owner may have a right to use portions of the right-of-way for growing trees or crops, his right extends only so far as it does not interfere with the paramount rights of the easement holder to use the right-of-way for road purposes. See 43 Tex. Jur. 3d Highways § 117, and authorities cited there. J. Sackman, Nichols Law of Eminent Domain, at 5.45(3), states the law thusly:

> The trees and herbage in a public highway are the property of the owner of the fee. He has the right to use any portion of the way not needed for public travel, for growing grass, crops, or trees, either for their produce or for improving the appearance and enhancing the comfort of his premises. For any injury to the trees and herbage that is not the result of the proper exercise of the highway easement he is entitled to compensation as fully as if the highway did not exist. The owner's rights in the trees and herbage are, however, like all his rights within the limits of the way, subordinate to the rights of the public. When the trees or herbage interfere with the proper exercise of the highway easement they must give way. For this reason trees may be cut down or trimmed in order to widen the wrought portion of the highway, or to accommodate rails and wires laid by public service corporations in the highway, for any purpose which is classed as within the highway easement, without compensation to the owner of the fee.

As changing road and traffic conditions require, the public right-of-way easement holder may, by widening the paved portion of the roadway or clearing a greater part of the unpaved portion, make fuller utilization of its easement rights. McCraw v. Dallas, 420 S.W.2d 793 (Tex. Civ. App. -

1967, writ ref'd n.r.e.).[2]  In such cases, we think, activities by the  fee holder  in the right-of-way  which had  not previously been inconsistent with the public's use of it for right-of-way purposes may over  time come to interfere  with the paramount public use and have to give way. See Gilliland and Holcomb, supra; see also Galveston H. & S.A. Ry. Co.  v. City of Eagle Pass,  249 S.W.  268 (Tex.  Civ. App.  -  San Antonio 1923), rev'd  on other grounds,  260 S.W.  841  (Tex. Comm'n App. 1924, judgm't adopted) (plaintiff on notice that city could, when need arose, have improvements plaintiff had erected in  public right-of-way  removed, and  he could  not recover therefor).

Your brief indicates a concern that even if the commissioners court may have trees and shrubs in the  right-of-way removed, there would remain  a legal question, for  purposes of the disposal, by sale  or otherwise, of those  materials, as to where title in them lay -- i.e., whether the  county's disposal of the materials might constitute a conversion, and thus a  taking,  of  private property  for  public  purposes without compensation in violation of article I, section  17, of the Texas Constitution.

Holcomb, supra, specifically held that the  destruction of trees and  shrubs in the  right-of-way there involved  no unlawful taking under the constitution.  Id. at 430.  If the public easement  holder may,  without compensating  the  fee owner, destroy trees and  shrubs  in the  right-of-way  for right-of-way purposes,  we  see no  reason why it  may  not otherwise dispose  of  trees  and shrubs  that  are  removed because they interfere with use of the right-of-way, even by sale, without compensation.  Though the fee owner may  "own" the trees  and shrubs  in the  right-of-way, and  presumably himself have the right to transplant or cut them, if not  in

_____

    2.   The point at  which changing public  utilization of the right-of-way imposes burdens on the servient fee  estate in excess of  the easement  rights, thus  entitling the  fee owner to additional compensation, would depend on the  terms of the particular easement, the nature of the change in use, and local conditions. See, e.g., 31 Tex. Jur. 3d Easements and Licenses in Real Property § 43, et seq.; see also Texas Power & Light Co. v. Casey, 138 S.W.2d 594 (Tex. Civ. App. - Fort Worth 1940, writ dism'd judgm't cor.) (easement holder's liability for negligent cutting of trees not necessary for easement purposes).

violation of applicable ordinances or laws,[3] his ownership interest must give way when the trees or shrubs come to constitute an impairment of the public authority's proper utilization of its right-of-way easement. See Sackman, supra. He plants and grows trees or shrubs in the right-of-way with notice that the public easement holder may remove them when they come to constitute an impairment of the easement.

It appears that some other jurisdictions have followed a different rule. See Rummell v. Ohio Dep't of Pub. Transp., 443 N.E.2d 1032 (Ohio Ct. App. 1981) (statute authorizing director of transportation to "remove" trees within right-of-way did not authorize director to "take" such trees without compensation to fee owner). Sackman, supra, in section 5.45(3) notes that "[i]t is held in some jurisdictions that the public authorities may use the vegetable growth for the purpose of repairing the way . . . but when the vegetation is cut for any other purpose it belongs to the owner of the fee. If he fails to remove it within a reasonable time he may be held to have abandoned it."

We do find Texas cases which suggest that a public authority may use soil or gravel from a right-of-way easement only for improving that or other roadways. See, e.g., City of La Grange v. Brown, 161 S.W. 8 (Tex. Civ. App. - Austin 1913, writ ref'd) (city may use soil excavated from a street easement for improvement of other roads). In dicta,

---

3. We note that section 2.006 of article 6702-1 authorizes the commissioners court to lay out "neighborhood roads" and provides for the payment of damages to the fee owners for the takings. The section further authorizes the commissioners court to direct that the fee owners clear obstructions from the right-of-way "for a space of not less than 15 feet or more than 30 feet on each side of a designated line" except that "the marked trees and other objects used to designate the line shall not be removed or defaced." We think this provision reflects the commissioners court's control over trees in the right-of-way (though we do not take the provision to indicate that if the commissioners court fails to order the clearance and later itself has it done, or later has a greater portion of the right-of-way cleared, the fee owner is entitled to any further compensation).

the court in <u>City of San Antonio v. Mullally</u>, 33 S.W. 256 (Tex. Civ. App. - San Antonio 1895, no writ) noted that "if the city does not remove the soil for the purpose of filling in other streets, <u>and the adjoining owner does not remove it</u>, the city may sell and dispose of it in any way it may deem proper." (Emphasis added.)

We think the later <u>Gilliland</u> and <u>Holcomb</u> decisions, however, indicate that a public authority may, in exercising a right-of-way easement, remove trees and shrubs for road purposes and dispose of them without compensation to the fee owner. The supreme court expressly approved <u>Gilliland</u>, and refused writ of error in <u>Holcomb</u>. We find no Texas cases subsequent to the now almost 50-year-old <u>Gilliland</u> and <u>Holcomb</u> cases which follow a different rule with regard to compensation for removal of trees and shrubs from a public right-of-way.

Your second question is:

> If the county can sell trees from the right-of-way, what procedure must be followed in doing so?

Your brief indicates that your second question reflects a concern as to whether the county's sale of trees would be governed by subchapter A of chapter 263 of the Local Government Code, providing for the county's sale or lease of real property, or rather by subchapter D providing for the disposition of personal property falling within the definitions of "salvage" or "surplus" property in section 263.151. Though trees, while growing and unsevered are generally considered "part of the land" -- <u>see, e.g.</u>, <u>Rogers v. Fort Worth Poultry & Egg Co.</u>, 185 S.W.2d 165 (Tex. Civ. App. - Fort Worth 1944, no writ) -- cut trees, or trees "constructively severed" by selling them in the contemplation that they will be cut and removed, are considered personal property. <u>See</u> <u>Davis v. Conn</u>, 161 S.W. 39 (Tex. Civ. App. - Texarkana 1913, writ dism'd); <u>Downey v. Dowell</u>, 207 S.W. 585 (Tex. Civ. App. - Texarkana 1918, writ dism'd).

Section 263.151 of subchapter D of chapter 263, Local Government Code, providing for the county's sale of "salvage" or "surplus" property, defines such property as follows:

> (1) 'Salvage property' means personal property, other than items routinely discarded as waste, that because of use, time,

accident, or any other cause is so worn,
damaged, or obsolete that it has no value for
the purpose for which it was originally
intended.

(2) 'Surplus property' means personal
property that:

(A) is not salvage property or
items routinely discarded as waste;

(B) is not currently needed by its
owner;

(C) is not required for the owner's
foreseeable needs; and

(D) possesses some usefulness for
the purpose for which it was intended.

We think that in the usual case, where trees or shrubs
originally intended for beautification, shade, or soil
conservation purposes are removed, or are to be removed, by
the county for right-of-way purposes, the trees or shrubs
would fall within the definitions of "salvage" or "surplus"
property in section 263.151, and the county's disposition of
them by sale would be governed by subchapter D.

Your third question is:

Can the County refuse to approve subdivision
plats that have existing shrubs and trees in
the right of way, and/or plans to landscape
rights-of-way by planting shrubs and trees or
where an attempt has been made to reserve
rights to maintain such trees and shrubs in
the right-of-way?

You argue that certain provisions of the Harris County Road
Law, supra, would in effect permit the Harris County Commis-
sioners Court to refuse to approve a subdivision plat
purporting to reserve rights to maintain trees or shrubs in
a right-of-way dedicated therein. We agree. Section 1 of
the Harris County Road Law provides:

Section 31-C. In acquiring rights-of-way for
roads in Harris County, the Commissioners
Court shall determine the width of the
right-of-way required, and establish the

<u>lines and alignment of the road</u>. All of the field notes of roads so established and determined shall be filed with the Commissioners Court and be recorded on the Road Log of Harris County, and no expenditures shall be made by the Commissioners Court upon any road not carried on the Road Log. The Commissioners Court may adopt a system for carrying roads on the Road Log with the required width of the right-of-way to be established by the Court. <u>Provided, however, no road shall be carried on the Road Log or maintained by the county on a right-of-way less than twenty (20) feet nor more than 600 feet in width unless the right-of-way was laid out or established on or after January 1, 1963. No subdivision or plat of lands in Harris County outside of incorporated cities shall be filed for record by the County Clerk of Harris County, Texas, until such plat or subdivision bears the signature of the County Engineer to the effect that the roads, as indicated on the plat, have met the requirements of the system adopted by the Commissioners Court pursuant to this Section as to the width of the right-of-way and have a base and surface of at least twenty (20) feet in width</u> with the base and surface meeting the minimum requirements prescribed by the Commissioners Court by order duly entered in the minutes of said court, and that all requirements of Harris County and the Harris County Flood Control District as to drainage have been complied with. (Emphasis added.)

Special Law, Acts 1913, 33d Leg., ch. 17, <u>amended by</u> Acts 1963, 58th Leg., ch. 369, <u>amended by</u> Acts 1973, 63rd Leg., ch. 614.

We find no provision of Texas law specifically authorizing the Harris County Commissioners Court to require that rights-of-way be dedicated without reservation as to trees and shrubs in the right-of-way. However, could it not require that dedicated rights-of-way be unencumbered by reservations with respect to trees and shrubs or other obstructions, the county's authority under the Harris County Road Law to require that dedicated rights-of-way be of a certain width would be rendered nugatory -- particularly as the county's authority to refuse to approve subdivision

plats is otherwise quite limited. We find no provisions other than the width requirement provisions which would appear to authorize the commissioners court to require that dedicated rights-of-way be free of reservations which might impair the use of the full width of the dedicated right-of-way for right-of-way purposes. See Local Gov't Code §§ 232.002 ("commissioners court . . . must approve plat" meeting requirements prescribed under chapter 232), 232.003, 232.006 (providing respectively that commissioners courts generally, and in counties of over 2.2 million population, may require that rights-of-way be of stated widths, but making no provision with respect to trees and shrubs or other potential obstructions in the rights-of-way or purported reservations with respect thereto); see also Attorney General Opinion JM-789 (1987) (limitations on commissioners court's authority to refuse to approve subdivision plats).

We think that section 31-C of the Harris County Road Law not only specifically authorizes the commissioners court to require that a dedicated right-of-way be of a certain width, but also implicitly authorizes the court to require that the right-of-way dedicated be unencumbered by reservations of the right to maintain trees or shrubs in the right-of-way which might impair its full utilization. As we have determined that the Harris County Commissioners Court possesses such authority under section 31-C of the Harris County Road Law, we do not think it necessary to determine here whether the above-cited provisions of chapter 232, Local Government Code, would also confer such authority.

## S U M M A R Y

Subject to the terms of the conveyance, dedication, condemnation judgment, etc. under which the right-of-way was acquired, the Harris County Commissioners Court generally has authority, for right-of-way purposes, to remove and dispose of trees or shrubs from the public right-of-way easement of a county road or prevent their planting without compensation to the fee owner.

Cut trees, or trees "constructively severed" by having been sold in the anticipation that they will be cut and removed from the land where they were growing, are personal rather than real property.

The Harris County Commissioners Court may, under the Harris County Road Law, require that rights-of-way dedicated in subdivision plats be of certain widths, and unencumbered by reservations of the right to maintain trees or shrubs within the right-of-way area.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General